Gorman, J.
This proceeding in error is brought to reverse a judgment of the common pleas court, wherein an instructed verdict was returned in favor of the defendant.
The action was one to recover damages for personal injuries said to have been received by the plaintiff, Charles Omin, on February 17, 1912, while employed by the defendant company as a freight truckman.
The defendant by answer denied generally all the allegations of negligence set out in the petition. In a second defense it alleged that at the time of the accident Omin was employed by it in commerce among the several states, and that the action was not brought within two years from the date on which it occurred — that being the time limit for the commencement of actions under the Federal Employers’ Liability Act.
By way of reply to this second defense, plaintiff alleged that immediately after leaving the hospital where he was confined on account of his injuries he threatened to institute suit to recover damages for his injuries, and that thereupon the defendant promised and agreed that if he would not bring suit it would provide him with such employment as his physical condition would warrant and would take care of him as long as he was disabled; that *163 pursuant thereto the defendant did employ him in the office of its depot-master until July 17, 1914; but that ever since said date, although the disability of the plaintiff on account of his injuries still existed, the defendant refused to give him employment or to take care of him as it had agreed to do, and that by reason thereof defendant is estopped from pleading said statute.
At the close of the plaintiff’s testimony the trial court, as above stated, instructed the jury to return a verdict for the defendant, among other reasons because the plaintiff had failed to bring his action within two years from the time his injuries occurred.
Several errors are complained of by plaintiff in error, but we deem it unnecessary to pass upon any other question than that of whether or not the action was brought in time.
Under the Federal Employers’ Liability Act (35 Stats, at Large, 66, Section 6; Section 8662, U. S. Comp. Stats., 1913), passed April 22, 1908, it is provided that “no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued.”
The plaintiff seeks to avoid the effect of this statute by pleading the conduct of the defendant in giving him employment upon the condition that he forebord to bring suit. But it has been held in several well-considered cases that the statute just cited confers a right to which is attached a condition that it be enforced within the stated period, two years. The act creates a liability where none existed theretofore, and it takes away defenses which were formerly available. Coupled with the *164 enlargement of the liability of carriers is the limitation that no action shall be maintained under the act unless commenced within two years from the time the cause of action accrued. This condition in the statute is not an ordinary statute of limitations. It affects the right and not the remedy. If it were merely a statute of limitations, we have no doubt that the defendant would be estopped from setting up the failure of the plaintiff to bring his action within two years by reason of its agreement with him to give him employment upon the condition that he forebore to bring an action to recover damages. The time within which the suit must be brought operates as a limitation of the liability, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has apparently been made of the essence of the right, and the right is lost if the time is disregarded. The liability, which did not exist apart from the statute, and the remedy are created by the same statute, and the limitations upon the plaintiff’s right to maintain the action are to be treated as limitations of the right and not limitations upon the remedy.
This question was squarely presented to the supreme court of Michigan in Bement v. Grand Rapids & I. Ry. Co., 194 Mich., 64, 160 N. W. Rep., 424. To the same effect are the decisions in Morrison v. B. & O. Rd. Co., 40 App. Cas. D. C., 391, and Partee v. St. Louis & S. F. Rd. Co., 204 Fed. Rep., 970.
It is admitted in this case that the right of the plaintiff to recover, if he had a right, arose under the Federal Employers’ Liability Act, in that he was engaged while employed by the defendant in *165 interstate commerce. It has been a universal rule, adopted by all the states, that the construction of the federal statutes by the federal courts should be followed by the state courts in construing the same statutes. It would appear to us that the application of this rule laid down in the cases cited operates to bar the plaintiff’s right to recover, for the reason that his right was lost by the lapse of time, and not because he failed to invoke the remedy within the two years.
We deem it unnecessary to pass upon the other alleged questions of error in the case. For the reasons stated the judgment of the court below will be affirmed.

Judgment affirmed.

jones, P. J., and Hamilton, J., concur.