## In re Hogan.

[No. 11,029.    Filed February 4, 1921.]

Master and Servant.—*Workmen's Compensation Act.*—*Termination of Total Disability.*—*Application for Continuing Permanent Partial Disability.*—*Time for Filing.*—Under §45 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended by Acts 1919 p. 158, providing that the Industrial Board shall not make any modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award made either by agreement or upon hearing, where an employe was totally disabled December 19, 1918, and such disability and payments therefor ceased on April 7, 1919, an application for an allowance on account of a continuing partial disability made December 10, 1920, was not within the statutory period, and therefore too late.

From the Industrial Board of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act
in the matter of one Charles L. Hogan. Certified question of law by the Industrial Board. *Question answered.*

Enloe, J.—The Industrial Board has certified the
following statement of facts to this court:   On December 19, 1918, one Charles L. Hogan was in the employment of the Nordyke and Marmon Company in the city
of Indianapolis, Indiana, at an average weekly wage of

$27.50; that on said date said Charles L. Hogan received a personal injury by an accident arising out of and in the course of his employment by the Nordyke and Marmon Company; that the employer had actual knowledge of said accidental injury at the time that it occurred; that as a direct result of his injury the plaintiff was wholly disabled for work continuously from the date thereof until and including April 7, 1919; that afterwards said Charles L. Hogan and Nordyke and Marmon Company entered into a compensation agreement, whereby the Nordyke and Marmon Company agreed to pay to said Charles L. Hogan compensation at the rate of $13.20 per week beginning on December 27, 1918, and to continue as long as said Charles L. Hogan would be totally disabled, not to exceed 500 weeks; that said agreement was approved by the Industrial Board of Indiana on February 4, 1919; that under said agreement the Nordyke and Marmon Company paid to said Charles L. Hogan compensation at the rate of $13.20 per week, beginning on December 27, 1918, and continuing until and including April 7, 1919; that the total disability of said Charles L. Hogan to work, resulting from his said injury, ceased on April 7, 1919; that his injury resulted in a permanent, partial impairment, as a result of which he lost permanently twenty-five per cent. of the use of his left hand or of the left arm below the elbow; that the compensation agreement between said Charles L. Hogan and the Nordyke and Marmon Company made no provision for compensation on account of any permanent, partial impairment; that on December 10, 1920, said Charles L. Hogan filed his claim with the Industrial Board of Indiana, asking for an award of compensation on account of said permanent, partial impairment of his left hand.

The employer admits that the injury resulted in the permanent loss of twenty-five per cent. of the use of the

left hand of said Charles L. Hogan, but it denies that he is entitled to an award of compensation therefor on the ground that his claim is barred by the statute of limitations.

The position of the employer is as follows with respect to said question: First. That the period of compensation, fixed by said agreement, was the period of his total disability, which terminated on April 7, 1919. Second. That by virtue of amended §45 of the Indiana Workmen's Compensation Act (Acts 1919 p. 158) the plaintiff's application for additional compensation on account of the permanent, partial impairment of his left hand, should have been filed within one year from April 7, 1919, or at least within one year from May 15, 1919, the date upon which amended §45 went into force.

The position of the plaintiff with reference to said question is as follows: First. That the compensation period fixed by the compensation agreement hereinbefore referred to was 500 weeks. Second. That the amendment of said §45 has no application to injuries which occurred prior to May 15, 1919. Third. As the compensation agreement made no provision for compensation on account of any permanent, partial impairment resulting from his injury, the agreement was incomplete, and the plaintiff may at any time within two years from the date of his injury file his claim for compensation on account of said permanent, partial impairment.

On the foregoing facts the Industrial Board of Indiana respectfully submits the following question of law for determination.

Is the right of Charles L. Hogan to an award of compensation for the permanent, partial impairment of his left hand, upon his application filed with the Industrial Board on December 10, 1920, barred by the statute of limitations?

In the case of *In re Stone* (1917), 66 Ind. App. 38, 117 N. E. 669, this court said, speaking of an agreement very similar to the one involved in the instant case: "It is apparent from the agreement that it is incomplete, in that no compensation is agreed upon for and during partial disability. Under such circumstances the board, not having relinquished its jurisdiction of the parties or the subject-matter, has the right upon proper petition to hear the parties and make such further provision for compensation as the facts warrant not exceeding the maximum provided in the act, the same as though no agreement had been reached."

The same principle was announced in *Standard Cabinet Mfg. Co.* v. *Iliff* (1918), 67 Ind. App. 568, 119 N. E. 479.

From the statement of facts submitted, we learn that said Hogan was totally disabled on December 19, 1918, and that such disability continued until April 7, 1919, at, and after which time he was continually disabled, to the extent of a permanent partial impairment (twenty-five per cent.) in the use of his left arm below the elbow.

Under the authorities, *supra,* he then had a right to apply at once to the Industrial Board for an award of compensation, based upon such partial disability.

Section 45 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) as amended in 1919 (Acts 1919 p. 158), among other things, provides:

"The power and jurisdiction of the Industrial Board over each case shall be continuing, and, from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modifications or change in the award, ending, lessening, continuing, or extending the payments, previously awarded, either by agreement or upon

hearing, as it may deem just, subject to the maximum and minimum provided for in this act. * * *.

"The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award, made either by agreement or upon hearing."

The latter part of the above section of our statute fixes the time within which the party must act, if he would enforce a present right. It is a statute of limitations. Such statutes are considered necessary to the welfare of society. They are enacted on the presumption that one having a well-founded claim will not delay enforcing it. They neither create nor destroy rights, but pertain to the remedy solely. *Lamberton* v. *Grant* (1901), 94 Me. 508, 48 Atl. 127, 80 Am. St. 415.

The total disability and payments under it having ceased April 7, 1919, the application for an allowance, on account of a continuing disability, made December 10, 1920, was not within the statutory period, and therefore too late. It was barred by said statute.