## In re Riggs.

[No. 11,573.   Filed November 14, 1922.]

Master and Servant.—*Workmen's Compensation Act.—Injuries to Minor Servant.—Claim for Compensation.—Limitations.*— The word "minor," in §48 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended Acts 1919 p. 158, §8020f2 Burns' Supp. 1921, pro-viding that no limitation of time shall run against a minor having no guardian or trustee, is used to designate a person under the age of twenty-one years, and not one eighteen years

of age or over allowed by §46, as amended by Acts 1919 p. 158 (§8020d2 Burns' Supp. 1921), to receive payment directly without the intervention of a guardian or trustee; hence where an employe who was nineteen years of age at the time of his injury had no guardian, his right to prosecute his claim for additional compensation on account of a change in condition was not barred by the limitations provided in §24 (§8020h1 Burns' Supp. 1921, Acts 1915 p. 392) and §45 (§8020c2 Burns' Supp. 1921, Acts 1919 p. 158), though not filed within one year after the termination of the compensation period.

From the Industrial Board of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act in the matter of one Russell Riggs. Certified question of law by the Industrial Board. *Question answered.*

BATMAN, C. J.—The Industrial Board has certified to this court the following facts and question of law, pursuant to §61 of the Workmen's Compensation Act (Acts 1917 p. 154, §8020s2 Burns' Supp. 1921) :

"On the 28th day of June, 1920, one Russell Riggs was in the employment of the Glen Ayr Coal Co. at an average weekly wage in excess of $24; that on said date he received a personal injury by an accident arising out of and in the course of his employment, of which the employer had actual knowledge at the time; that on the 17th day of July, 1920, the said Russell Riggs and his employer executed a written compensation agreement by the terms of which the employer agreed to pay to the said Russell Riggs compensation at the rate of $13.20 per week during the period of temporary, total disability resulting from the injury, not exceeding the period fixed by law, beginning on the 6th day of July, 1920; that said agreement was approved by the Industrial Board of Indiana on July 22, 1920; that as a result of his injury the plaintiff was temporarily totally disabled for work continuously from the date thereof until and including the 7th day of September, 1920; that

under said agreement the employer paid to the said Russell Riggs compensation for the full period of his temporary total disability, amounting to the sum of $120.69; that after the execution and approval of said written compensation agreement there was a change in the condition of the said Russell Riggs, resulting from his injury, in that his temporary total disability ceased on Sept. 7, 1920, and the injury resulted in a permanent partial impairment, which would have entitled him to compensation for a longer period than that for which he was paid, unless his right to make claim therefor is barred by the statute of limitations; that the said Russell Riggs was past nineteen years of age at the time of his injury; that he became twenty-one years of age on April 10, 1922; that at the time of his injury and no time thereafter has the said Russell Riggs had a guardian or trustee duly appointed by any court and qualified; that on the first day of May, 1922, the said Russell Riggs filed with the Industrial Board of Indiana his application to review the award made by the approval of the agreement, on account of a change in conditions, alleging that his injury had resulted in a permanent partial impairment and that he had become twenty-one years of age on the 10th day of April, 1922; that at the time of his injury, and no time thereafter had he had a guardian or trustee; and that he was not represented in his agreement by any guardian or trustee.

"Question: Is the right of the said Russell Riggs to prosecute his claim for additional compensation on account of a change in conditions barred because the same was not filed within one year after September 7, 1920?"

Section 24 of the Workmen's Compensation Act, Acts 1915 p. 392, §8020h1 Burns' Supp. 1921, provides as follows: "The right to compensation under this act shall be forever barred unless within two years after the injury or if death results therefrom, within two

years after such death, a claim for compensation thereunder shall be filed with the Industrial Board."

Section 45 of said act, Acts 1919 p. 158, §8020c2 Burns' Supp. 1921, after making provision for a modification of an award on account of change in condition, provides as follows: "The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award, made either by an agreement or upon hearing."

Section 48 of said act, Acts 1919 p. 158, §8020f2 Burns' Supp. 1921, provides as follows: "No limitation of time provided in this act shall run against any person who is mentally incompetent or a minor, so long as he has no guardian or trustee."

The first two sections contain provisions which give them the effect of statutes of limitations. *In re Hogan* (1921), 75 Ind. App. 53, 129 N. E. 633. They are evidently binding on all employes, falling within the provision of the act, unless they are subject to the exception contained in the last section quoted. If said §§45 and 48, *supra,* stood alone, it would be clearly apparent that the question submitted should be answered in the negative. It is suggested, however, that they do not stand alone, but must be read and considered in connection with the following provisions of §46 of said act (Acts 1919 p. 158, §8020d2 Burns' Supp. 1921) : "Whenever the aggregate payments of compensation, due to any person under eighteen years of age, exceed one hundred dollars, the payment thereof shall be made to a trustee, appointed by the circuit or superior court, or to a duly qualified guardian, or to a parent upon the order of the industrial board. The payment of compensation, due to any person eighteen years of age or over, may be made directly to such person." That when so read and con-

sidered it will appear that the word "minor," occurring in said §48, *supra*, was used to designate a person under eighteen years of age, and hence the question submitted should be answered in the affirmative.   We have given this suggestion careful consideration, and find we are unable to adopt it.   The word "minor" has been used so long and universally to designate persons under the age of twenty-one years, that it will be presumed that the legislature used it with that meaning in adopting said §48, *supra*, unless clear evidence, or strong reason, are present to indicate a different intention.   It will be observed that the legislature did not undertake to define the word. "minor," as used in said act, or the section under consideration; and that while it used the phrase "eighteen years of age" in said §46, *supra*, it failed to do so in said §48, *supra*, but used the word "minor" instead, which has a well-defined and generally accepted meaning.   With these facts before us, we cannot say that the legislature used the word "minor," in the last-named section, to designate persons under the age of eighteen years, merely because it provided in said §46, *supra*, as a matter of policy or convenience, that "the payment of compensation, due any person eighteen years of age or over, may be made directly to such person." That the legislature may deem it advisable, for such considerations, to allow minors to receive money due them without the intervention of a guardian, trustee, or next friend, is illustrated by the provisions of §2932 Burns 1914, Acts 1901 p. 418 and §4122 Burns 1914, Acts 1911 p. 385.   Minority is generally regarded as a disability, and for that reason the law looks to the protection of the rights of those who have not attained the discretion which is presumed to come at a more mature age.   It was evidently this object that caused the legislature to adopt said §48, *supra*, notwithstanding the provisions of said §46, *supra*, as there is a wide dif-

ference in the attending danger to the rights of a minor, which would probably arise from allowing him to receive his compensation direct, if eighteen years of age or over, under the safeguards which the act prescribes, and from barring his right to compensation, if he fails to make his application therefor within the prescribed periods. For the reasons stated, we answer the question submitted in the negative