279 N.E.2d 262 (1972)
TRANSPORT MOTOR EXPRESS, INC., Appellant (Defendant below),
v.
Delores J. SMITH et al., Appellees (Plaintiffs below), and Riss & Company, Inc., Appellee (Defendant below).
No. 771A136.
Court of Appeals of Indiana, Second District.
March 1, 1972.
*263 T.C. Cunningham, John T. Rocap, Indianapolis, for defendant-appellant; Rocap, Rocap, Reese & Young, Indianapolis, of counsel.
F. Boyd Hovde, W. Scott Montross, Indianapolis, for plaintiff-appellees; Townsend, Hovde & Townsend, Indianapolis, of counsel.
David A. Steckbeck, William C. Moore, Steckbeck & Moore, Indianapolis, for defendant-appellee Riss & Co., Inc.
PER CURIAM.
This is an appeal from an award of the Full Industrial Board of Indiana made pursuant to Ind. Ann. Stat. § 40-1511 (Burns' 1971 Supp.), Ind. Acts 1929, Ch. 172, § 60, p. 536, as amended by Ind. Acts 1969, Ch. 94, § 6, p. 202, IC 1971, 22-3-4-7, which reads as follows:
"If an application for review is made to the board within twenty [20] days from the date of the award, made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file the same with the finding of the facts on which it is based and send a copy thereof to each of the parties in dispute, in like manner as specified in the last foregoing section." (Emphasis added.)[1]
The record contains no "finding of the facts" filed with the award. The full board's only finding of facts is embodied in the recitals which precede the award, as follows:
"BE IT REMEMBERED, that pursuant to notice fixing the time and place therefor, the above captioned cause was called for hearing and review before the Full Industrial Board of Indiana, 601 State Office Building, Indianapolis, Indiana, on June 2, 1971, at 9:00 A.M. on plaintiffs' Form 16 Application filed February 16, 1971.
"Plaintiffs appeared by their attorney, F. Boyd Hovde; defendant Transport Motor Express, appeared by its attorney, John Rocap; and Defendant Riss & Company, appeared by its attorney, David A. Steckbeck.
"The Full Industrial Board of Indiana having heard the argument of counsel and having reviewed all the evidence in said cause and being duly advised in the premises therein, now finds:
"That on February 7, 1967, plaintiffs' decedent, James Willard Jessee, was a coemployee of both defendants, namely: Transport Motor Express and Riss & Company, at an average weekly wage in excess of the maximum; that on said date he sustained an accidental injury in the course and scope of his employment, which accident and injury resulted in his death on said date.
"It is further found that plaintiffs' decedent at the time of his death left surviving him as his all and only dependents, his widow Delores Ann Jessee; and minor children, James Michael Jessee, born March 27, 1961; Kenneth *264 Wayne Jessee, born August 19, 1962, and Gina Renee Jessee, born September 19, 1966.
"It is further found that Riss & Company paid benefits to the plaintiffs under an Award in the State of Texas.
"It is further found that both defendants, Transport Motor Express and Riss & Company, shall pay, in equal portions the statutory funeral expenses up to the maximum of $750.00.
"The Full Industrial Board of Indiana now finds for the plaintiffs and against the defendants, Transport Motor Express and Riss & Company on plaintiffs' Form 10 Application filed February 5, 1969.
AWARD
"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that plaintiffs shall have and recover of and from the defendants, Transport Motor Express and Riss & Company, compensation at the rate of $45.00 per week beginning February 7, 1967, for a period of 450 weeks, but not to exceed the maximum of $20,000.00; that said compensation shall be paid in equal shares to the following dependents, Delores Ann Jessee, widow, and James Michael Jessee, Kenneth Wayne Jessee and Gina Renee Jessee, minor children; said compensation payments to be paid to Delores Ann Jessee, natural mother and guardian of said minor children.
"It is further ordered that said compensation shall be paid up to date, paid in cash and in a lump sum.
"It is further ordered that defendants, Transport Motor Express and Riss & Company, shall pay in equal portions the statutory burial expenses up to the maximum of $750.00.
"It is further ordered that all compensation payable by virtue of this award shall be paid direct to plaintiffs except as hereinafter ordered paid plaintiffs' attorney.
"It is further ordered that the fees of plaintiffs' attorney shall be: a minimum sum of $25.00; and in addition thereto, 20% upon the first $1,000 recovered; 15% upon the second and third $1,000 recovered; and 10% upon all sums in excess thereof; said fees to be paid by the defendants direct to plaintiffs' attorney, F. BOYD HOVDE, with credit to the defendants against the compensation herein awarded plaintiffs for all sums paid out as attorney fees in accordance with this award.
"Dated this 8th day of July, 1971.
FULL INDUSTRIAL BOARD OF INDIANA".[2]
The appellant TMX states the issues thus:
"1. The award of the Full Industrial Board of Indiana is contrary to law for the reasons:
"(a) Decedent was found and adjudged to be the employee of Riss & Company, Inc. (herein referred to as "Riss") by the Industrial Accident Board of the State of Texas at the time he received his fatal injuries, compensation was awarded and paid. Full faith and credit must be given to the finding and award of the Industrial Accident Board of the State of Texas under the Constitution of the United States of America, Article 4, Section 1.
"(b) Decedent was an employee of Riss at the time of his death and not an employee of TMX. Under the evidence in this cause Riss, in fact, and not TMX exercised control and direction of decedent in the procedures of *265 his employment which culminated in his death, even though a trip lease between Riss and TMX was in effect at the time and the vehicle was being operated by decedent over routes of TMX under authorized operating rights of TMX."
Appellee Riss states:
"Appellee Riss & Company, Inc. (hereinafter referred to as Riss) concurs in part with the statement of issues presented for review contained in Appellant Transport Motor Express, Inc., (hereinafter referred to as TMX), to the extent that Appellee Riss concurs in the statement of issue contained in Paragraph 1, subparagraph (a) on page 2 of the brief of Appellant TMX which presents the issue of the granting of full faith and credit to the award in favor of decedent Jessee made by the Industrial Accident Board of the State of Texas. However, with respect to the statement of issues contained in subparagraph (b) of Appellant TMX's brief on page 2 and 3 thereof, Appellant Riss contends that the issue presented for review is the question of whether or not Appellant TMX was the sole employer of decedent Jessee at the time and point of his fatal accident for the reason that at said time and point decedent Jessee was operating a truck tractor permanently leased to Appellee Riss, which at that point in time was operating under a `trip lease agreement' between TMX and Riss to allow the transporting of explosives from Crane Naval Depot, Indiana, to Joliet, Illinois under Indiana Public Service Commission authorities and Interstate Commerce Commission authorities granted to TMX and unavailable to Riss in the absence of a `trip lease agreement' such as executed in the within matter. It is submitted by Appellee Riss that the terms of said `trip lease agreement' and the further evidence of control of decedent Jessee and right to control thereof existing in the record of the within cause present the issue of a sole employment relationship between decedent Jessee and TMX at the time and point when decedent suffered his fatal accident."
Appellees-plaintiffs (dependents) make this statement of the issues:
"(1) Did the Full Industrial Board of Indiana accord full faith and credit to an award of the Industrial Accident Board of Texas in a proceeding where Appellant was not a party?
"(2) Was there any evidence of probative value from which the Full Industrial Board of Indiana could find that Appellees' decedent was an employee of both Appellant and Riss & Company, Inc. at the time of his fatal injuries?"
While none of the parties has expressly so stated, it is readily apparent that the board's finding of facts is far from "`specific enough to enable the court to review intelligently the... [board's] decision.' [Kosciusko County Rural Electric Membership Corp. v. Public Service Comm.] 225 Ind. 666 at 674, 77 N.E.2d 572 at 575." Carlton v. Board of Zoning Appeals (1969), 252 Ind. 56, 64, 245 N.E.2d 337, 343. All parties do nevertheless impliedly recognize the inadequacy of the board's finding of facts in that neither of them even mentions it in his "Statement of Facts". Appellant's statement of facts takes up three and one half pages of its brief. Appellee Riss devotes approximately the same space to its "exceptions" to appellant's statement. Appellees-plaintiffs use twice that space reciting what they deem to be the "facts most favorable to Appellees ... to the extent omitted or glossed over by Appellant... ."
Problems involving the adequacy of the finding of facts on which administrative agencies base their decisions have plagued both the agencies and the courts for many years. Fact finding administrators and reviewing judges are both pressed for time (popular opinion to the contrary notwithstanding). Judges, being but lawyers in robes, are prone to disagreement, much of *266 it merely semantic. Some of the history of these problems and disagreements is to be found in the separate opinions in Block v. Fruehauf Trailer Division, etc. (1969), Ind. App., 252 N.E.2d 612, 616, 617, 19 Ind. Dec. 489, 494, 506, and in Miller v. Barrett (1971), Ind. App., 269 N.E.2d 772, 778, 25 Ind.Dec. 547, 556. The recital of facts which was an essential part of the affirming opinion in the latter case is not only proof that the board's finding of facts was not specific enough to enable us to review intelligently the board's decision, but also answers the question of how specific a finding of facts must be to be specific enough. The complexity of the issues in the case at bar might well require an even more painstaking review of the evidence and an even longer recital of the "factual inferences" than was necessary in the affirming opinion in Miller v. Barrett, supra, were we to attempt to review this award without first requiring the board to furnish us with a finding of facts on which it is based.[3]
The Full Industrial Board of Indiana is now directed to certify to the court, with copies to the parties and their counsel of record, within thirty days of this date, the finding of facts on which its award is based, said finding being made specific enough to permit this court intelligently to review said award. Within thirty days after such certification the appellant may file in this court a supplemental brief. Within twenty days after service of appellant's supplemental brief, or within twenty days after service of notice of waiver of right to file supplemental brief, or, if no such brief or waiver is served on appellees, within fifty days after certification of the findings of facts, appellees may file supplemental answer briefs. This court retains jurisdiction of this appeal for final disposition after these directions are executed.
NOTES
[1] The words emphasized, with slight variation, have been a part of a similar section in every Indiana Workmen's Compensation Act, beginning with the original, Ind. Acts 1915, Chapter 106, §§ 59-60.
[2] We have omitted the six signatures and the notation above the last two that "[w]e do not concur in the findings and award".
[3] The other Miller v. Barrett opinion (which would have remanded), insofar as it holds that the basic finding by the board "merely stated a conclusion of law", is not herein approved, but the remainder of that opinion substantially reflects the views of the present Second District judges with regard to the need for specificity and the degree thereof which we should demand in an Industrial Board finding of facts.