BETTY JANE ROBINSON ET AL. *v*. TWIGG INDUSTRIES, INC.
[No. 1071A214. Filed April 21, 1972.]

*Kagan and Barker,* of Martinsville, for appellants.

*Theodore L. Locke, Jr., Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee.

PER CURIAM.—This is an appeal from a negative award of the Full Industrial Board of Indiana. That award reads as follows:

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that plaintiffs shall take nothing by their Form 10 Application filed January 9, 1967."

In support of said award, the Full Board made the following "findings" of record:

"That on or about December 10, 1966, and for several days preceding that date, plaintiffs' decedent, Lawney Robinson, was in the employ of the defendant at an average weekly wage in excess of the maximum; that on or about December 10, 1966, plaintiffs' decedent, Lawney Robinson, died, and that he left as his only surviving dependents, Betty Jane Robinson, his widow; Virginia Ann Lecklider, his stepdaughter, and Devine Robinson, his daughter.

It is further found that plaintiffs' decedent's death was not as a proximate result of personal injuries received by him by reason of an accident arising out of and in the course of his employment with the defendant herein.

The Full Industrial Board of Indiana now finds for the defendant and against the plaintiffs on plaintiffs' Form 10 Application filed January 9, 1967."

In *Carlton* v. *Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N. E. 2d 337, our Supreme Court in quoting from *Wabash Valley Coach Co.* v. *Arrow Coach Lines, Inc.* (1950), 228 Ind. 609, 94 N. E. 2d 753, noted that the findings of fact made by an administrative agency must be specific enough to enable this court to intelligently review the administrative decision. Our Supreme Court has, therefore, concluded that the ultimate facts must be found specifically, not generally. In keeping with the mandate of the *Carlton* case, and with

our most recent pronouncement in *Transport Motor Express, Inc.* v. *Smith* (1972), 279 N. E. 2d 262, we hereby remand the cause to the Full Industrial Board of Indiana.

The Full Industrial Board of Indiana is now directed to certify to the court, with copies to the parties and counsel of record, within thirty (30) days of this date, findings of the specific facts upon which its award is based, said findings being specific enough to permit this court intelligently to review said award. Within thirty (30) days after such certification, appellants may file in this court a supplemental brief. Within twenty (20) days after service of such appellants' supplemental brief or within twenty (20) days after service of notice of waiver of the right to file such supplemental brief, or if no such brief or waiver is served upon appellee, then within fifty (50) days after certification of the findings of facts, appellee herein may file its supplemental answer brief. This court retains jurisdiction of this appeal for the purpose of disposition upon the merits, following compliance by the Full Industrial Board of Indiana and by the parties with the directions herein set forth.

NOTE.—Reported in 281 N. E. 2d 135.