LEE JOHNSON v. THOMAS & SKINNER, INC.

[No. 172A9. Filed May 15, 1972.]

*Karl J. Stipher,* of Indianapolis, for appellant.

*Geoffrey Segar,* of Indianapolis, for appellee.

PER CURIAM.—We have before us for review another decision of the Full Industrial Board of Indiana which must be remanded for further findings of fact.[1] The decision in question is a dismissal (on defendant's motion) of plaintiff's Application Form 14 filed April 24, 1969, making claim for additional workmen's compensation for an accidental occupational injury which occurred July 25, 1961. The Full Industrial Board found that the application "was filed more than one year after the date for which compensation was paid in said cause, to-wit: April 24th, 1967." The Board concluded that the application "should be dismissed for want of jurisdiction" and entered an order "that plaintiff's Application Form 14 for the review of award on account of change in conditions filed on the 24th day of April, 1969 should be and the same is hereby dismissed."

Plaintiff-employee's reply to defendant-employer's special answer moving for the dismissal denied the allegations of the special answer, alleged that the application had been filed within one year after the last date for which compensation was paid, alleged that some of the grounds for modification were timely filed within two years, and alleged that plaintiff-employee was mentally incompetent from the date of the last award to the date of the reply and asserted plaintiff was therefore not required to file his claim within one year. At the hearing before the single member the plaintiff adduced evidence relative to the allegation of mental incompetency as well as evidence relative to the alleged change in condition which is the basis of his claim for additional compensation.

The full board's failure to make findings of fact with respect to plaintiff-appellant's mental competency appears to be at-

---

1. See *Transport Motor Express, Inc.* v. *Smith* (1972), 279 N. E. 2d 262, 29 Ind. Dec. 417; *Robinson* v. *Twigg Industries, Inc.* (1972), 151 Ind. App. 691, 281 N. E. 2d 135, 30 Ind. Dec. 352.

tributable to an unarticulated conclusion that under no circumstances does the board have jurisdiction to entertain any application for increased permanent partial impairment filed later than one year after the last day for which compensation was paid. Sec. 45, Workmen's Compensation Act (IC 1971, 22-3-3-27, Ind. Ann. Stat. § 40-1410 [Burns 1965]).

Appellant's contention that the statute is tolled as to minors and incompetents without guardians is based on Section 48 of the Act (IC 1971, 22-3-3-30, Ind. Ann. Stat., § 40-1413 [Burns 1971 Supp.]) which reads:

> "No limitation of time provided in this act shall run against any person who is mentally incompetent or a minor so long as he has no guardian or trustee."

The appellee-employer's position, which seems to have been adopted by the board, is (in effect) that Sec. 45 is not a statute of limitations and its time limitation is not within the incompetency and infancy exceptions of Sec. 48; that Sec. 45 is jurisdictional; that it confers jurisdiction on the board to entertain applications for increased permanent partial impairment *only* when filed within the one year period. Appellee cites as authority for that position *McGinnis* v. *American Foundry Co.* (1958), 128 Ind. App. 660, 149 N. E. 2d 309, which involved a surviving dependent's claim under the Workmen's Occupational Diseases Act (Ind. Ann. Stat. § 40-2201 *et seq.* [Burns 1965]) in which death did not occur within one year of the date of disablement and the deceased employee had filed no claim during his lifetime. The court rejected an attempt to avoid the prohibition of Ind. Ann. Stat. § 40-2205 (f) (Burns 1952)[2] by a contention that decedent did not

---

2. The statute *then* read:

"No compensation shall be payable for or on account of death resulting from any occupational disease unless death occurs within one (1) year after the date of disablement; Provided, That this paragraph shall not be a bar to compensation for death (a) where death occurs during the pendency of a claim filed by an employee within one (1) year from the date of disablement and which claim has not resulted in a decision or has resulted in a decision which is in process of review or appeal; or (b) where, by agreement filed or decision rendered, a

file a claim during his life-time because he was mentally incompetent. It did not hold, or suggest, that mental incompetency would not toll the time limitation of section 25(c) of the act (Ind. Ann. Stat. § 2225c [Burns 1965]) as is so plainly provided in that section.[3]

The controlling case in point is *In re Riggs* (1922), 78 Ind. App. 634, 137 N. E. 72, which held (as had been held in *In re Hogan* (1921), 75 Ind. App. 53, 129 N. E. 633) that the time provision of section 45 is a statute of limitations and, further, that minority did toll the limitation by reason of section 48's provision that "[n]o limitation of time . . . shall run against any person who is mentally incompetent or a minor. . . ." Professor Small's WORKMEN'S COMPENSATION LAW OF INDIANA (1950), p. 404, § 12.9 has accepted that holding at face value and we do not find that either *Riggs* or *Hogan* has ever been overruled, questioned, explained, distinguished or adversely commented upon (on this point).[4]

compensable period of disability has been fixed and death occurs within one (1) year after the end of such fixed period, but in no event later than three hundred (300) weeks after the date of disablement. (Acts 1937, ch. 69, Sec. 5, p. 334.)"

The statute has since been amended changing the one year to two years. See Ind. Ann. Stat. § 40-2205(f) (Burns 1971 Supp.).

3. Small's WORKMEN'S COMPENSATION LAW OF INDIANA, 1968 Cum. Supp. § 13, 5, n. 32B, p. 140, is clearly in error in its interpretation of *McGinnis*.

4. Of interest is the lengthy discussion of the Indiana interpretations of Indiana's § 45 in an annotation in 165 A. L. R. at 491.

We also note that in *Wilson* v. *Betz* (1959), 130 Ind. App. 83, 95, 159 N. E. 2d 402, there is language in quotations from *Omin* v. *Baltimore, etc., R. Co.* (1917), 8 Ohio App. 161, and 34 Am. Jur., Limitation of Actions, § 7, p. 16, which speaks of "conditions . . . annexed to a right of action created by statute" as being different from an ordinary statute of limitation and as being a right which must be exercised within the period limited or not at all. Such a holding was not essential to the decision in *Wilson* and it does not clearly appear to have been the court's intent there to so hold. In any event, we reaffirm the holding in *In re Riggs, supra* (75 Ind. App. 53, 129 N. E. 633), and the other cases which hold that § 45's time limitation "is the statute of limitations for filing applications to modify awards of the Industrial Board." (For instance, *Grant Coal Mining Co.* v. *Coleman* (1933), 98 Ind. App. 560, 563, 187 N. E. 692, as quoted in *Wilson* at 95.) We see no reason to consider it as anything other than a statute of limitation which can be tolled by infancy and incompetency, as the drafters of the Workmen's Compensation Act so obviously intended.

We adopt the *Hogan* holding that the time limits stated in section 45 (Ind. Ann. Stat. § 40-1410 [Burns 1965]) prescribe

"the time within which the party must act, if he would enforce a present right. It is a statute of limitations." (75 Ind. App. at 57.)

We also adopt the holding of *Riggs* that §§ 25 and 45 of the Workmen's Compensation Act "contain provisions which give them the effect of statutes of limitations" and which "are . . . binding on all employees . . . unless they are subject to the exceptions contained in" § 48 (Ind. Ann. Stat. § 40-1413 [Burns 1965]).

For these reasons the Full Industrial Board should have made findings of fact from which it would be apparent whether the plaintiff-appellant was within the exception of § 48. These findings should have been "specific enough to permit this court intelligently to review said award." *Transport Motor Express, Inc.* v. *Smith* (1972), 279 N. E. 2d 262, 29 Ind. Dec. 417, 422; *Robinson* v. *Twigg Industries, Inc.* (1972), 151 Ind. App. 691, 281 N. E. 2d 135, 30 Ind. Dec. 352. If the board had made proper findings from which it was apparent that plaintiff was not within the exception he claimed (and if those findings proved impervious to attack for want of evidentiary support) then no additional findings of fact relative to other issues in the case would have been necessary. But since we do not know what the Full Board has found, or will find, with respect to plaintiff's claim of incompetency nor whether its finding will be sustained by the evidence, we cannot at this time say that a finding on that one issue will be dispositve of this appeal. What has already transpired in this case demonstrates the risk involved in one issue dispositions.

For the reasons stated we now remand this case to the Full Industrial Board of Indiana with directions to certify to the court, with copies to the parties and their counsel of record, within thirty days of this date, the finding of facts on which its award is based, said finding being made specific

enough to permit this court intelligently to review said award. Within thirty days after such certification the appellant may file in this court a supplemental brief. Within twenty days after service of appellant's supplemental brief, or within twenty days after service of notice of waiver of right to file supplemental brief, or, if no such brief or waiver is served on appellees, within fifty days after certification of the finding of facts, appellees may file supplemental answer briefs. This court retains jurisdiction of this appeal for final disposition after these directions are executed.

Sullivan, J., concurs in result only.

NOTE.—Reported in 282 N. E. 2d 346.