SHERREL PAGE *v.* BOARD OF COMMISSIONERS OF CLAY COUNTY.

[No. 172A8. Filed June 14, 1972.]

*B. Michael McCormick, Daniel L. Weber,* of Terre Haute, for appellant.

*Joseph A. Wicker,* of Indianapolis, *Robert J. Wicker, Williams, Van Valer & Wicker,* of counsel, of Greenwood, for appellee.

BUCHANAN, J.—STATEMENT OF THE CASE AND FACTS—Review is sought from a decision of the Full Industrial Board of Indiana (the Board) concerning a Form 14 Application (Review of an award due to change in conditions) filed by claimant-appellant Sherrel Page (Page). The Board reduced the award granted Page by the Single Member Hearing Examiner.

The findings and award of the Board consist of the following:

"BE IT REMEMBERED that pursuant to notice fixing the time and place therefor, the above-capitioned cause was called for hearing and review before The Full Industrial Board of Indiana in the Hearing Room of said Board at 601 State Office Building, 100 North Senate Avenue, Indianapolis, Marion County, Indiana, on October 27, 1971, at 1:00 o'clock p.m., on Defendant's Form 16 Application for the Review by the Full Board of the Original Award, filed on the 12th day of April, 1971.

Plaintiff appeared by his attorney, B. Michael McCormick, Terre Haute, Indiana. Defendant appeared by its attorney, Joseph A. Wicker, Indianapolis, Indiana.

Said Full Industrial Board of Indiana, having heard the oral arguments of Counsel and having examined the entire file and being duly advised in the premises herein, now finds:

That on the 4th day of January, 1966, the Plaintiff herein was in the employ of the Defendant herein at an average weekly wage in excess of the maximum; that on said date, he sustained personal injury by reason of an accident arising out of and in the course of his employment with Defendant, of which said accidental injury the Defendant had knowledge and did furnish and pay for the statutory medical attention and supplies; that Plaintiff's said accidental injury consisted of an injury to his back, left foot, right

leg, right hip; that thereafter, on the 17th day of March, 1966, the Industrial Board of Indiana approved a compensation agreement entered into by the parties, under the terms of which Defendant paid Plaintiff compensation for temporary total disability at the rate of $45.00 per week for a period of five and one-seventh (5-1/7) weeks, from January 5, 1966 to February 9, 1966, after which Plaintiff's temporary total disability as a result of his said accidental injury terminated and he returned to work; that prior to the filing of Plaintiff's application, a good faith effort was made by the parties to adjust said claim, which effort resulted in a disagreement between the parties.

It is further found that Plaintiff's said accidental injury has reached a permanent and quiescent state and that as a result of his said accidental injury, he has sustained a ten per cent (10%) permanent partial impairment to the man as a whole.

Said Full Industrial Board of Indiana now finds for the Plaintiff and against the Defendant on Plaintiff's Form 14 Application for the Review of Award on Account of a Change in Conditions, filed on the 29th day of December, 1967.

## AWARD

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that there be awarded Plaintiff as against the Defendant compensation at the rate of $45.00 per week beginning January 4, 1966, for a specific period of fifty (50) weeks, for a ten per cent (10%) permanent partial impairment to the man as a whole as a result of his said accidental injury.

It is further ordered that all deferred payments of compensation shall be brought up to date, paid in cash and in a lump sum.

It is further ordered that Defendant shall pay the costs, if any, taxed in said cause.

It is further ordered that the fee of Plaintiff's attorney shall be: a minimum filing fee of $25.00; and in addition thereto, 20% upon the first $1,000.00 recovered; 15% upon the second and third $1,000.00 recovered; and 10% upon all sums in excess thereof, said fees to be paid by Defendant direct to Plaintiff's attorney, B. Michael McCormick, with credit to the defendant against the compensation awarded Plaintiff in accordance with this award."

ISSUE—For reasons that hereinafter appear, we cannot decide this case on the merits and only consider whether the findings of fact by the Board are specific. enough to enable this court to intelligently review the Board's decision.

DECISION—It is our opinion that this case must be remanded to the Board for further findings of fact because the findings before us are not specific enough to enable this court to intelligently review the Board's decision.

Our Supreme Court and this court have repeatedly held that the ultimate facts upon which an administrative agency bases its decision must be found specifically, and not generally. *Carlton* v. *Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N. E. 2d 337; *Transport Motor Express, Inc.* v. *Smith* (1972), 279 N. E. 2d 262; *Robinson* v. *Twigg Industries, Inc.* (1972), 151 Ind. App. 691, 281 N. E. 2d 134; *Johnson* v. *Thomas & Skinner, Inc.* (1972), 152 Ind. App. 136, 282 N. E. 2d 346.

This court has in recent months repeatedly[1] stressed the need for specificity in findings of fact by the Industrial Board. In *Johnson* v. *Thomas & Skinner, Inc., supra,* we stressed the relationship between meaningful appellate review and specific findings of facts thusly:

> "* * * the Full Industrial Board should have made findings of fact from which it would be apparent whether the plaintiff-appellant was within the exception of § 48. *These findings should have been 'specific enough to permit this court intelligently to review said award.' Transport Motor Express, Inc.* v. *Smith* (1972), 279 N. E. 2d 262, 266, 29 Ind. Dec. 417, 422; *Robinson* v. *Twigg Industries, Inc.* (1972), 151 Ind. App. 691, 281 N. E. 2d 135, 30 Ind. Dec. 352. If the board had made proper findings from which it was apparent that plaintiff was not within the exception he claimed (and if those findings proved impervious to attack for want of evidentiary support) then no additional findings of fact relative to other issues in the case would have been necessary. But since we do not know what the Full Board has found, or will find,

---

1. *Transport Motor Express, Inc.* v. *Smith, supra* (March 1, 1972); *Robinson* v. *Twigg Industries, Inc., supra; Johnson* v. *Thomas & Skinner, Inc., supra.*

with respect to plaintiff's claim of incompetency nor whether its findings will be sustained by the evidence, we cannot at this time say that a finding on that one issue will be dispositive of this appeal. What has already transpired in this case demonstrates the risk involved in one issue dispositions." (Emphasis supplied.)

There is no novelty in this approach to appellate review of findings of fact by administrative agencies. In *Kosciusko County REMC Corp.* v. *Public Service Commission* (1947), 225 Ind. 666, 77 N. E. 2d 572, our Supreme Court attempted to review a decision of the Public Service Commission of Indiana in which comparative rates between competitive electric companies was at issue. In remanding the case for further findings of fact, the court observed:

"No mention of comparative rates was made in the petition. There was no finding of facts in this case as to rates. Without such a finding to support the order in question we could not uphold this order on account of such evidence, even though we might be of the opinion that this evidence was sufficient. 'This court cannot take the place of a jury.' "

The parties before us concern themselves with the question of whether Page suffered traumatic neurosis from the accident, and if so, to what extent he should be compensated for the neurosis. Evidence adduced at the hearing before the Board relative to the cause of Page's traumatic neurosis was conflicting as to whether it resulted from the accident in question. The findings are silent as to the existence or nonexistence of Page's alleged neurosis.

Since the Board failed to make a finding relative to Page's alleged neurosis, we are unable to determine the ultimate fact or facts upon which the Board based its decision to reduce Page's award. Our knowledge thereof is necessarily limited to the evidentiary facts in the record, which are conflicting. To bridge the gap requires us to *presume,* or guess, that the Board did or did not consider the evidence regarding neurosis and whether it did or did not find the neurosis to be connected

with the accident. In essence, we seek the factual reason or reasons for the Board's action.

We may not engage in such speculation absent a specific finding by the Board that Page's neurosis was or was not the result of Page's accident. *Poke* v. *Peerless Foundry Co.* (1954), 124 Ind. App. 544, 119 N. E. 2d 905; *Indianapolis & Southern Motor Express, Inc.* v. *Public Service Commission of Indiana* (1953), 232 Ind. 377, 112 N. E. 2d 864; *Cole* v. *Sheehan Construction Co.* (1944), 222 Ind. 274, 53 N. E. 2d 172. *In Poke* v. *Peerless Foundry Co., supra,* this court said that:

> "The purpose of requiring finding of facts to be made is to enable a court of review to decide whether there was legal foundation for an award. This we cannot do from the findings as presented on this appeal. If the board is allowed to state conclusions of law without a finding showing what it is based upon, *no reviewing court can fathom the reason leading to an award.*" (Emphasis supplied.)

Having again stated the authorities and reasons for specific findings of fact as to material issues of fact, we remand this case to the Full Industrial Board of Indiana for further findings of fact on the question of Page's traumatic neurosis. We do so expressing the Micawberish hope that we will not soon be called upon to do so again.

The Board is now directed to certify to this court, within thirty days of this date, with copies to the parties and counsel of record, findings of the specific facts upon which its award is based. Within thirty days after such certification, the appellant may file in this court a supplemental brief. Within twenty days after service of such supplemental brief, or within twenty days after service of notice of waiver of the right to file such supplemental brief, or, if no brief or waiver is served upon the appellee, then within fifty days after certification of the findings of fact, the appellee may file its supplemental answer brief. This court retains jurisdiction of this appeal for the purpose of disposition upon

the merits following compliance by the Board and by the parties with the directions herein set forth.

This case is now remanded to the Board.

White, P.J. and Sullivan, J., concur.

NOTE.—Reported in 283 N. E. 2d 571.