DAVID H. MCMILLAN *v.* AMERICAN HOIST & DERRICK COMPANY.

[No. 2-574A120. Filed December 22, 1975.]

---

*Gale I. McGrew, Lynnville G. Miles,* of Indianapolis, for appellant.

*James E. Dowling, Rocap, Rocap, Reese & Young,* of Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Review is sought by Claimant-Appellant David H. McMillan (McMillan) of a negative award entered by the Full Industrial Board of Indiana (the Board) denying increased compensation due to a change in condition from an award originally granted McMillan in 1968 as an employee of American Hoist & Derrick Company (the Employer), claiming the Board's decision was contrary to law because of uncontroverted proof of his compliance with IC 1971, 22-3-3-27 (Burns Code Ed.).[1]

---

1. IC 1971, 22-3-3-27 (Burns Code Ed.) provides in part:
*Change or modification of award—Limitation.* The power and jurisdiction of the industrial board over each case. shall be continuing and

Because we are directing the Board to make more specific findings, we retain jurisdiction of this appeal pending the Board's action consistent with this opinion.

## FACTS

The facts and evidence before the Board most favorable to the Board's decision are:

As a result of an accident on October 21, 1965, arising out of and in the course of his employment, McMillan was struck on the head by an elevator bucket causing him personal injuries.

On September 3, 1968, the Board found McMillan's condition was a result of the accidental injury and he had reached a permanent and quiescent state resulting in a forty percent permanent partial impairment to the body as a whole. He was awarded forty percent permanent partial impairment of the body as a whole.

Then, on August 1, 1970, McMillan filed Industrial Board Form 14, being an Application for the Review of Award on Account of a Change in Conditions in which he alleged that his disability had increased since the date of the original award.

On February 19, 1973, McMillan filed an affidavit stating that he had been examined by three doctors: Dr. David Sluss, Dr. Iver Small and Dr. Gabriel Schuchman and letters[2] from

---

from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act [22-3-2-1—22-3-6-3].

2. The letter of Dr. Sluss dated January 8, 1973, among other things, concludes that there had been no change in the condition of McMillan stating in part "from the history and complaints and observation it is my impression that Mr. McMillan is one hundred percent disabled, on the other hand, at the time of my last observation in 1967, it was felt that he was one hundred percent disabled."

The letter of Dr. Iver Small dated January 29, 1973, states in part, "I also want to stress that the psychiatric examination brings out the following disabilities again: . . ."

each of them stating their conclusions as to his change of condition, or lack thereof, were attached to his affidavit.

Pursuant to an order of the Board the deposition of Dr. Iver F. Small was taken, and filed on April 9, 1973 with the Board. Inter alia, Dr. Small diagnosed McMillan's condition as having "gone on beyond a neurotic reaction and he has now subsumed itself under a psychotic reaction." He concluded that McMillan had become totally and permanently disabled and "in medical terms he was sicker in 1973 than he was in 1967."

Dr. Small's deposition also contained a statement that, "The second thing is that a man whose condition drags on without change for a period of four and a half years is certainly worse after four and a half years and the outlook for rehabilitation is practically zero."

In its Findings of Fact dated May 2, 1974, the Board stated that "in view of all the pleadings, arguments and discussions had with various representatives of the defendant and the plaintiff by the Board, it is clear that all parties construed the Form 14 Application of August, 1970, in the manner now sought by the plaintiff . . ." and it further found that "the only evidence in the record as to whether or not plaintiff has experienced a change in condition is the deposition of Dr. Iver F. Small. . . ."

Part of his deposition was then set out in the Findings, including the Doctor's statement about a man whose condition drags on "without change for a period of four and a half years. . . ."

The Board concluded that, "Dr. Small did not describe a change of conditions and for that reason the award of September 8, 1970 should stand."

---

The letter of Dr. Gabriel Schuchman dated February 15, 1973, states in part, "in my opinion, there has been no change in his condition."

## ISSUE

The only issue for disposition is:

Is the Board's decision denying McMillan increased compensation for a change in condition contrary to law?

McMillan contends that the only evidence properly before the Board for consideration subsequent to the original award establishes that McMillan is now one hundred percent disabled as shown by undisputed proof . . . the change in condition being from an anxiety neurosis to a psychosis.

The Employer attacks the Form 14 filed by McMillan on the ground that it only stated that disability had increased and not that there was a permanent partial impairment increase since the day of the award (no cross error filed). Also the Employer observes there was no evidence presented to the Board of a change in condition by way of a comparative opinion.

## DECISION

CONCLUSION—The Board's findings are not sufficiently specific for us to intelligently review its decision.

As McMillan concedes in his brief, he is appealing from a negative award and we may only reverse if reasonable men would have been bound from undisputed evidence to reach a conclusion contrary to the Board's decision. *See, Page* v. *Board of Commissioners of County of Clay* (1973), 155 Ind. App. 215, 292 N.E.2d 254, 257; *Smith* v. *Graver Tank & Mfg. Co.* (1973), 158 Ind. App. 431, 302 N.E.2d 852; *Robinson* v. *Twigg Industries* (1972), 154 Ind. App. 339, 289 N.E.2d 733, 735; *Lincoln* v. *Whirlpool Corp.* (1972), 151 Ind. App. 190, 279 N.E.2d 596, 599; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399.

However, the Board's findings are not specific enough for us to intelligently review its decision. *Also see, Carlton* v.

*Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N.E.2d 337; *Transport Motor Express, Inc.* v. *Smith* (1972), Ind. App., 279 N.E.2d 262; *Robinson* v. *Twigg Industries, Inc.* (1972), 154 Ind. App. 339, 281 N.E.2d 135; *Johnson* v. *Thomas & Skinner, Inc.* (1972), 152 Ind. App. 136, 282 N.E.2d 346; *Page* v. *Board of Commissioners of County of Clay* (1972), 152 Ind. App. 359, 283 N.E.2d 571; *Transport Motor Express, Inc.* v. *Smith* (1972), Ind. App., 289 N.E.2d 737; *Bohn Aluminum & Brass Co. Plant #9* v. *Kinney* (1973), 155 Ind. App. 164, 291 N.E.2d 705. In order to do so, two ambiguities must be eliminated from the findings.

First, the Board should specify whether it relied solely on the deposition of Dr. Iver F. Small in reaching its decision or whether reference was also made to "all the pleadings, arguments and discussions . . . with respect to McMillan's Form 14 Application" as recited in the findings. If the latter is true, the Board's decision could also be based on letters filed by McMillan from Drs. Sluss, Small, and Schuchman.

Second, the Board should specify if the reference to Dr. Small's deposition as not describing "a change in conditions" referred to McMillan's physical condition or his mental condition or both. Unless the Board's decision is clarified in this respect, it is subject to the possible interpretation that no compensation will be allowed for a change of mental condition.

Without such specificity we are unable to determine the evidentiary basis for the Findings of Fact and the sufficiency of the findings to support the Board's decision. We must be able to determine if McMillan's change of condition (if any) is contemplated by IC 1971, 22-3-3-27 (Burns Code Ed.).

Therefore the Board is now directed to certify to this Court, within thirty (30) days of this date, with copies to the parties and counsel of record, Findings of the specific facts indicated in this opinion. Within thirty (30) days after such certification, McMillan as Appellant may file in this

Court a supplemental brief. Within twenty (20) days after service of such supplemental brief or within twenty (20) days after service of notice of waiver of the right to file such supplemental brief, or if no such brief or waiver is served upon the Employer, American Hoist & Derrick Company as Appellee, then within fifty (50) days after certification of the amended Findings of Fact, the Employer may file his supplemental answer brief. This Court retains jurisdiction of this appeal for the purpose of a disposition on the merits, following the compliance by the Board and by the parties, with the directions herein set forth.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 338 N.E.2d 677.