THOMAS J. REYNOLDS, JR. *v.* MOBILE WASH, INC.

[No. 2-1274A297. Filed May 13, 1976. Rehearing denied August 11, 1976. Transfer denied November 4, 1976.]

*Morris L. Klapper,* of Indianapolis, for appellant.

*James E. Dowling, Rocap, Rocap, Reese & Young,* of Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Review is sought by Plaintiff-Appellant, Thomas J. Reynolds (Reynolds), of a decision by the Full Industrial Board of Indiana (the Board) dismissing his claims for injuries received by him while employed by Defendant-Appellee, Mobile Wash, Inc. (Mobile), Reynolds claiming the dismissals are contrary to law because his minority tolled the statutes of limitations.

We affirm.

## FACTS

The facts and evidence most favorable to Mobile and the Board's decision are as follows:

Reynolds, who was eighteen years of age in May of 1969, sustained two injuries while employed by Mobile . . . the first on July 11, 1969 and the other on September 26, 1969.

For each of these injuries he received some compensation.

On March 28, 1974, Reynolds filed a Form 9 and a Form 14 Application relating to his previous injuries. Following an adverse decision on Mobile's Motions to Dismiss, Reynolds petitioned the Full Board for review. The Board entered its Findings and Award on November 14, 1974:

> That on July 11, 1969 and September 26, 1969, plaintiff was in the employ of the defendant at an average weekly wage in excess of the maximum; that on said dates he received an injury arising out of and in the course of his employment with the defendant; that because of the nature of the injuries involving the same parts of the body, it is difficult to determine which of the plaintiff's problems relate to which accident.

> It is further found that plaintiff was paid temporary total disability benefits on an intermittent basis through November 28, 1969, and that the defendant had notice of both accidents and furnished and paid for certain medical attention and supplies.

It is further found that on March 28, 1974, plaintiff filed his Form 9 Application and that on March 28, 1974, plaintiff filed his Form 14 Application.

It is further found that the defendant, by and through his attorney on April 17, 1974, filed a Motion To Dismiss both applications alleging that the Board is without jurisdiction because over two years had passed prior to the date of March 28, 1974, and therefore, both applications should be dismissed which Motion is in the following words and figures, to-wit:

### (H. I.)

It is further found that plaintiff, by and through his attorney, filed on April 19, 1974, a Motion In Opposition To Defendant's Motion To Dismiss and has responded to that Motion and which Motion is in the following words and figures, to-wit:

### (H. I.)

It is further found that the defendant's Motion is well taken.

The Full Industrial Board now finds for the defendant and against the plaintiff on Plaintiff's Form 9 Application and Form 14 Application filed herein on March 28, 1974.

### AWARD

IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that the plaintiff shall take nothing by virtue of his Form 9 Application and Form 14 Application heretofore filed March 28, 1974.

Reynolds appeals.

### ISSUE

Did the Board err in dismissing Reynold's March 28, 1974 applications because he was a minor for the purpose of tolling the statutes of limitations as defined by the Indiana Workmen's Compensation Act (the Act)?

Reynolds contends the common law of this state establishes that a minor is one under the age of twenty-one years and that a fair and reasonable interpretation of "minor" as used in the tolling statute (IC 1971, 22-3-3-30 (Burns Code Ed.)) is the same.

Mobile disagrees and points to the specific definition in the Act of a minor as a person "under the age of seventeen (17) years". Reynolds was thus an adult (18 years old) for compensation purposes at the time of his injuries, the statutes of limitations were not tolled and the Board lacks jurisdiction to consider his present applications.

## DECISION

*CONCLUSION*—It is our opinion that the Board properly dismissed Reynolds' applications of March 28, 1974, for lack of jurisdiction.

Indiana Workmen's Compensation Act contains two statutes of limitations.

The first is a two year general statute of limitations barring the "right to compensation under this act [22-3-2-1— 22-3-6-3] . . . unless [a claim for compensation is filed with the Industrial Board] within two (2) years after the occurrence of the accident, or if death results therefrom, within two (2) years after such death. . . ." IC 1971, 22-3-3-3 (Burns Code Ed.).

The second statute concerns a change or modification of an existing award and provides

The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except the applications for increased permanent partial impairment are barred unless filed within one (1) year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award. IC 1971, 22-3-3-27 (Burns Code Ed.).

The Act also contains a tolling statute which provides

*No limitation of time* provided in this act [22-3-2-1— 22-3-6-3] *shall run against* any person who is mentally incompetent or *a minor* so long as he has no guardian or trustee. IC 1971, 22-3-3-30 (Burns Code Ed.). (the tolling statute) (Emphasis supplied.)

It is undisputed that Reynolds was eighteen (18) years of age at the time of his injuries and that he filed Form 9 and Form 14 applications within two years after reaching the age of twenty-one (21), i.e., on March 28, 1974. If he was not a "minor" he should have done so earlier. If he was a "minor" within the meaning of the tolling statute his applications were timely filed.

We see no need to embark upon an elaborate survey of the asserted definitions of what constitutes minority for various purposes under Indiana law. The only statutes discussed by either party are the applicable provisions of the Indiana Workmen's Compensation Act.

Dispositive of the question of "minor" under the Act is IC 1971, 22-3-6-1(b) (Burns Code Ed.) :

*Definitions.*—In this act [22-3-2-1—22-3-6-3] *unless the context otherwise requires:*

\* \* \* \* \*

(b) The term "employee", as used in this act, shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer. *A "minor" shall mean an individual under the age of seventeen [17] years. . . .* (Emphasis supplied.)

There is no intimation in the context of any provision of the Act which suggests a minor is other than an individual under the age of seventeen years, including the tolling provision.

The intent of the Act is unmistakable. Its meaning is so plain and unambiguous there is no room for judicial construction. So we will attribute the meaning to it which it plainly expresses. *See, Ind. State Highway Comm. et al.* v. *White* (1973), 259 Ind. 690, 291 N.E.2d 550; *Grody* v. *State* (1972), 257 Ind. 651, 278 N.E.2d 280; *Eads* v. *J. & J. Sales Corp.* (1971), 257 Ind. 485, 275 N.E.2d 802; *Reome* v. *Edwards* (1948), 226 Ind. 229, 79 N.E.2d 389;

*Piersol* v. *Hays* (1943), 113 Ind. App. 214, 47 N.E.2d 838; *Cheney* v. *State ex rel.* (1905), 165 Ind. 121, 74 N.E. 892; IC 1971, 1-1-4-1 (Burns Code Ed.).

Reynolds confronts the definition section of the Act defining a minor as an individual under the age of seventeen years but makes no discernible argument as to why it isn't applicable. His sole reliance is on *In re Riggs* (1922),[1] 78 Ind. App. 634, 137 N.E. 72, which holds a minor to be a person under the Act who is under the age of twenty-one (21) years. However, in 1922 the Legislature had not undertaken to define the word "minor" as it is used in the Act. The Legislature has since chosen to define the term and has chosen the age of seventeen years.[2]

Reynolds having failed to qualify as a "minor" under the tolling statute, the Board properly granted Mobile's Motions To Dismiss for lack of jurisdiction.

Affirmed.

Sullivan, J., and White, J., concurring.

NOTE.—Reported at 346 N.E.2d 625.

---

1. Reynolds' argument that *In re Riggs* (1922), 78 Ind.App. 634, 137 N.E. 72 was specifically affirmed in *Johnson v. Thomas & Skinner, Inc.* (1972), 152 Ind. App. 136, 282 N.E.2d 346 is unavailing. *Johnson* limited its reaffirmance of *Riggs* to the sole point that §§ 25 and 45 of the Workmen's Compensation Act are statutes of limitations and that minority tolls the statutes by reason of § 48.

2. The operative language defining a "minor" was added to IC 1971, 22-3-6-1(b) (Burns Code Ed.) by the Acts of 1969, Ch. 94, § 7(b). The chapter was declared an emergency by § 8 and went into full force and effect on April 1, 1969 . . . prior to Reynolds' injuries.