HOWELL v. STATE OF INDIANA.

[No. 30,432. Filed January 18, 1966. Rehearing denied February 15, 1966.]

*F. LeRoy. Wiltrout* and *J. Moritz Grolimund,* of counsel, of Elkhart, for appellant.

*Edwin K. Steers,* Attorney General, and *Edgar S. Husted,* Deputy Attorney General, for appellee.

JACKSON, J.—This cause comes to us on appeal from the Elkhart Superior Court of Elkhart County, Indiana.

Appellant was charged by affidavit with the crime of rape upon a female child under the age of twelve years. The date of the alleged offense being on or about September 9, 1962.

The trial was had by jury, resulting in a finding and verdict of guilty, on which the court entered judgment finding

appellant guilty and sentencing him "to the charge, custody and control of the Warden of the Indiana State Prison at Michigan City, Indiana, there to be imprisoned for and during the period of his natural life."

The factual situation in the case at bar is as follows: Appellant was charged by affidavit as hereinbefore stated, pauper counsel was appointed to defend appellant and appellant entered a plea of not guilty to the charge contained in the affidavit; thereafter, the court vacated the appointment of counsel previously employed for appellant and appointed other counsel for him. Counsel thereafter filed a motion for a hearing to suppress evidence, such motion in pertinent part reads as follows: "Comes now the Defendant, John Westley Howell, by his attorney, J. Moritz Grolimund, and requests that the Court grant a hearing upon the Motion to Suppress certain evidence, to-wit: a confession or statement made by the Defendant under the influence of fear produced by threats and by intimidation and by undue influence contrary to the form of the statute, Acts 1905, Chapter 169, Section 239, page 584, Burns 9-1607."

Appellant's motion to suppress was denied. Thereafter, appellant filed an affidavit for a change of venue from the county alleging therein that he could not receive a fair trial in Elkhart County on account of the "excitement and prejudice against the defendant in said county, and in the part of said county where said cause is to be tried." Some fifteen affidavits in support of the request for change were filed. The affidavit for change of venue from the county was denied. Thereafter, the cause was submitted for trial. Appellant raised the question of change of venue in his motion for new trial, but did not raise the question in the argument section of his brief; the question is therefore waived. Rule 2-17(f).

The jury returned its verdict of guilty on February 27, 1963, and on March 8, 1963, the court entered its finding and judgment sentencing appellant. Thereafter, on March 8, 1963,

appellant filed his motion for new trial, such motion in pertinent part alleging:

"1. The court erred in refusing to grant the defendant a change of venue upon his affidavit for a change of venue from the county filed on February 14, 1963.

"2. The prosecuting attorney was guilty of prejudicial misconduct in said cause, in this, waving the State's marked item No. 3, a small, dirty dress, around and in front of the jury after the court had excluded such dress from admission into evidence.

"3. The court erred in overruling the defendant's objections to the entering into evidence of the State's Exhibit No. 5, the defendant's statement.

"4. The court erred in not permitting the witness and defendant, John Westley Howell, called by the defendant, to answer over the prosecuting attorney's objection, the following two (2) questions propounded by the defendant upon the direct examination of said witness, as follows:

" 'Mr. Howell, you testified a little bit earlier something about resisting arrest, and did that charge have anything— or that fact, that caused whatever that is, did that have any effect upon your signing of the statement?'

"Whereupon the prosecuting attorney interposed the following objection:

" 'The State will object to that type of question. He is obviously referring to a time that is antecedent to the time of the crime here, and it would have no relevancy on the statement.'

"The defendant then stated to the court that the witness, if permitted to answer, would answer the question as follows:

" 'Yes, it did.'

"Whereupon the Court sustained the prosecuting attorneys' objection. The next question was:

" 'What was that effect?'

"Whereupon the prosecuting attorney interposed the following objection:

" 'The State objects for the same reason.'

"Whereupon the court sustained the prosecuting attorney's objection and asked the defendant's attorney to make his offer to prove. Defendant's attorney's offer to prove was as follows:

" 'He was assaulted by Police Officers within the privacy of his own home, out of which assault came this problem of resisting arrest, and which assault put the defendant into fear that if he failed to sign the confession, a similar assault would occur.'

"5. The court erred in refusing to give each of the instructions requested by the defendant numbered Nine (9) and Eleven (11).

"6. The verdict of the jury is not sustained by sufficient evidence and is contrary to law."

Appellant's motion for a new trial was overruled on March 28, 1963; thereafter appellant sought to appeal as an indigent and requested appointment of counsel to perfect such appeal together with a transcript of the record and the evidence at public expense. The trial court approved such petition and by order directed that appellant be provided such counsel, transcript, etc.

The assignment of errors is on the single ground that "[t]he court erred in overruling appellant's motion for a new trial."

Appellant, in the argument section of his brief, says he relies upon the sole assignment of error that the court erred in overruling his motion for a new trial. He further states "[i]nasmuch as all grounds of the motion which are urged depend upon the evidence, the material facts shown by the evidence are hereafter stated."

It is not the function, duty or prerogative of this court on appeal, to weigh the evidence, that duty devolves upon the trier of the facts. *Thomas* v. *State* (1958), 238 Ind. 658, 154 N. E. 2d 503; 2 I. L. E., Appeals, § 571 (and authorities cited therein).

We do have the duty to review the evidence, in order to determine whether or not error was committed in the admission or exclusion thereof, if the defendant was deprived of a constitutional right, or the court had abused its discretion. *In re State Bd. of Accounts, etc.* v. *Holovachka, etc.*

(1957), 236 Ind. 565, 142 N. E. 2d 593; 2 I. L. E., Appeals, § 551 (and authorities cited therein.)

In view of the fact that appellant was sentenced to a life term under the controlling statute, Acts 1941, ch. 148, § 3, p. 447, § 10-4201 Burns', 1956 Replacement, we give careful attention to the matters we are permitted to review. Error is alleged in connection with the admission in evidence of appellant's confession, and in the refusal of the court to give appellant's tendered instruction No. 11.

Section B of appellant's argument relates to the alleged error in ground 4 of his motion for a new trial which in pertinent part reads as follows:

"(Thereupon the following questions were asked by counsel for the defendant, the following objections made, and the following rules of the court made, the same being the basis of Ground 4 of the Motion for New Trial).

"'Q. Mr. Howell, you testified a little bit earlier something about resisting arrest, and did that charge have anything—have any effect upon your signing of the statement?

"'Mr. Slabaugh: The State will object to that type of question. He is obviously referring to a time that is antecedent to the time of the crime here, and it would have no relevancy on the statement.

"'Court: The question refers to not the arrest for this crime—is that right? Does the question pertain to this particular arrest; the arrest for this crime?

"'Mr. Grolimund: No, sir.

"'Court: It pertains to another arrest previously, some time in the past—previous to the arrest for this crime?

"'Mr. Grolimund: It pertains to another episode.

"'Court: Prior to this arrest?

"'Mr. Grolimund: Yes, sir.

"'Court: I will sustain the objection.

"'Mr. Grolimund: Can I make an offer to prove?

"'Court: I will have to recess the jury. If you want to make an offer to prove, we will recess the jury.

"'(The jury retires).

" 'Mr. Grolimund: The defendant offers to prove that if allowed to answer, the defendant would testify, " ' "Yes, it did."

" 'Mr. Grolimund: May I ask the next question?

" 'Court: Ask your question, and I will rule on it.

" 'Mr. Grolimund: What was that effect?

" 'Mr. Slabaugh: The State objects for the same reason.

" 'Mr. Grolimund: The defendant offers to prove that if allowed to answer, the answer would be that he was assaulted by Police Officers within the privacy of his own home, out of which assault came this problem of resisting arrest, and which assault put the defendant into fear that if he failed to sign the confession, a similar assault would occur.'

" (Tr. p. 195, l. 5—p. 196, l. 8)

" 'The Court now sustains the objection, . . . (Tr. p. 196, ll. 9-10)'

"The jury returned to the court room, and the direct examination of John Westley Howell was resumed."

"Confessions and admissions made voluntarily, or under inducements other than fear produced by physical violence, threats, intimidation or undue influence are admissible in evidence. *State* v. *Freeman* (1859), 12 Ind. 100; *Harding* v. *State* (1876), 54 Ind. 359; *Snyder* v. *State* (1877), 59 Ind. 105; *Walker* v. *State* (1893), 136 Ind. 663, 36 N. E. 356." *Mack* v. *State* (1932), 203 Ind. 355, 372, 180 N. E. 279.

In the case at bar appellant testified in his own behalf, in the absence of the jury, when objection was made to the introduction of his confession in evidence, it being designated as State's Exhibit No. 5. Appellant admitted the signature appended to the confession at the bottom of the exhibit was his; that he was arrested at his mother's home about 12:00 o'clock at night; was taken to the police station, but was not questioned until about 10:00 o'clock the next morning. He signed the paper shortly after noon, as to why he signed it, " [w]ell, because of the fact that he promised me he was going to help me get in the hospital. . . . and I didn't have no money

to get no doctor, or nothing, so I went ahead and signed this statement to get help."

There was other testimony on the part of the appellant that at some time previously, no exact date specified, police officers have beaten him and he was afraid he would be beaten again if he did not sign the confession. There was other testimony on the part of the appellant that was contradictory and conflicting.

The best that can be said of appellant's own testimony, when testifying in support of objections to the introduction of his confession, is that it is conflicting. In our opinion the evidence was ample to sustain the trial court's determination that the confession was admissible in evidence.

"This court will not weigh the evidence given in the trial court upon the competency of the admission in evidence of a written confession made by a defendant." *Mack* v. *State* (1932), 203 Ind. 355, 374, 180 N. E. 279; *Hauk* v. *State* (1897), 148 Ind. 238, 46 N. E. 127, 47 N. E. 465; *Smith* v. *State* (1895), 142 Ind. 288, 41 N. E. 595; *Keyes* v. *State* (1889), 122 Ind. 527, 23 N. E. 1097.

Appellant in his argument says:

"In this case the two principal items of evidence against the defendant were: (1) the testimony of the twelve year old girl; and, (2) defendant's confession, State's Exhibit No. 5."

He points out the dangers inherent in accepting the testimony of a young girl in a sex case as discussed in *Burton* v. *State* (1953), 232 Ind. 246, 111 N. E. 2d 892, but recognizes that case was overruled on that point by *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649. He insists that this court nevertheless recognized there is unusual danger in accepting stories of young girls as to sex offenses committed upon them.

In the case at bar the victim testified as to the occurrence, her story was corroborated by other evidence and by examination of her person at the hospital by Dr. Page E. Spray, a State witness who testified he was a doctor on duty in the

emergency room of the Elkhart General Hospital on the night of September 9, 1962. He testified that about 9:30 p.m. on that date he made a pelvic examination of Edna Frances Lane to determine whether or not there was any male sperm present in the vaginal canal of the patient. He found an abrasion in the posterior portion of the vaginal canal, a small amount of blood, also mucoid, or water-like material present in the vaginal canal that he put on a microscopic glass slide. He took it to the laboratory where he examined it under a microscope and found male sperm present in that material. The glass slide was then submitted to the pathological department of the hospital, and the report of the pathologist showed the presence of male sperm.

Appellant complains that after the confession was admitted in evidence, he was not permitted to testify to the circumstances surrounding the confession to lessen its weight or contradict it by showing he was in fear of a physical assault if he did not sign. The record does not bear out this part of appellant's argument as the defendant testified at length in his own behalf on direct examination, on cross-examination, on re-direct examination and on re-cross examination before the jury for a total of forty-four (44) pages of record. During such testimony the matter of the confession was gone into exhaustively and therefore appellant not only had the opportunity to, but did, testify concerning his confession.

Appellant urges that the court erred (ground 5) in refusing to give defendant's tendered instruction No. 9. We here set out the instruction verbatim, as follows:

"The defendant has testified in this case. The State could not compel the defendant to testify, but the statute allows him to testify in his own behalf if he chooses to do so. I instruct you that if you, the jury, are satisfied that Mr. Howell's testimony was true, it is your duty to believe and act upon it without reference to other testimony; that is to completely disregard the other testimony and evidence even if contrary to Mr. Howell's testimony."

An examination of the tendered instruction discloses that the court committed no error in refusing to give such instruc-

tion. The tenor and import of the tendered instruction in effect was mandatory, in that if tendered, the jury would have been compelled, if they believed appellant's testimony to be true, to disregard all testimony adduced by the State. For the purpose of this portion of this opinion relative to the propriety of the tendered instruction No. 9, we point out that appellant first claimed he blacked out and had no knowledge of the commission of the crime, then in his confession he admitted the commission thereof, later on, while on the stand on re-direct examination he stated in answer to questions on cross-examination as follows:

"Q. You weren't around that girl at all?

"A. I was at Mr. Lane's house.

"Q. Sure, you have admitted that, but you didn't touch that girl's body in any fashion?

"A. No, I didn't, so far as I know."

Under these circumstances what portion of appellant's testimony must the jury believe? Appellant's testimony was contradictory and conflicting, and in our opinion the instruction was properly refused. The following citations, we think, contain proper authority to support our position with respect to the tendered instruction. *Miller* v. *State* (1944), 223 Ind. 50, 55, 58 N. E. 2d 114; *Deilks* v. *The State* (1895), 141 Ind. 23, 40 N. E. 120; I. L. E., Trial, § 223, (note 30) ; Ewbanks Ind. Cr. Law, Symmes Ed., Instructions, § 424, note 47.

At D in the argument portion of his brief appellant urges that the court erred in overruling his tendered instruction No. 11. We here set out the tendered instruction verbatim, as follows:

"I instruct you that it is the law of this State that in evaluating the weight to be attached to the statement of the defendant, admitted as State's Exhibit 5, you may consider the fact whether it was made under inducement from the influence of fear, produced by threats, from intimidation, or from undue influences. It is the law of this State that you may consider the effect of any denials to the

defendant of the rudimentary essentials of life and denials of fundamental constitutional rights between the time of the taking of the defendant into custody and his signing the statement introduced into this case."

In considering the argument here presented by appellant we take notice that after his arrest appellant requested, in the alternative, that he be permitted to see (a) his mother, (b) the lady who lived at his house, (c) a lawyer. The record discloses that his mother was brought to the jail and conferred with the appellant; that the lady who lived in his house (the aunt of the victim) refused to come and stated she did not want anything further to do with him. The record discloses further that appellant had not one, but two attorneys, the first of which was appointed prior to arraignment. Appellant also testified he was not fed in the jail at breakfast or lunch on Monday following his arrest on Sunday night. The record discloses by testimony of a witness and by jail records that appellant in fact was fed.

In view of the other instructions given and the testimony adduced at the trial, we are of the opinion the giving or refusing to give appellant's tendered instruction No. 11 was discretionary with the court, and that in refusing to give such instruction under the circumstances existing in the case at bar, the court did not commit reversible error or abuse its discretion. We think the appellant in his reply brief acknowledges such fact by his statement on page 17 thereof reading as follows:

"Regardless, however, of whether the court erred in refusing appellant's Instruction No. 11, it seems clear that there was error in refusing appellant's Instruction No. 9, and in excluding essential material evidence, all as heretofore presented."

We consider that appellant has thereby abandoned his specification of error predicated on the refusal of the court to give his instruction No. 11.

The judgment of the trial court should be and is hereby affirmed.

Myers, C. J. and Arterburn, J., concur; Achor, J. and Rakestraw, J., not participating.

NOTE.—Reported in 213 N. E. 2d 323.