274 N.E.2d 727 (1971)
METROPOLITAN BOARD OF ZONING APPEALS OF MARION COUNTY, Second Division, et al., Defendants-Appellants,
v.
Paul V. RUMPLE, Plaintiff-Appellee.
No. 471A83.
Appellate Court of Indiana, Division No. 1.
November 10, 1971.
*728 Harold H. Kohlmeyer, Jr., Arthur H. Northrup, Indianapolis, for defendants-appellants.
Paul V. Rumple, Max Rynearson, Indianapolis, for plaintiff-appellee; Rynearson & Rumple, Indianapolis, of counsel.
ROBERTSON, Judge.
Judgment was rendered by the trial court reversing the appellant Board's denial of a variance as follows:
"The Court having examined the petition, the writ and the briefs and being duly advised in the matter, now finds that the decision of the Board is contrary to law and the evidence and the same is hereby reversed."
TR. 52, which had been in effect eleven [11] months at the time of judgment, states:
"FINDINGS BY THE COURT
"(A) Effect. In the case of issues tried upon the facts without a jury or with an advisory jury, the court shall determine the facts and judgment shall be entered thereon pursuant to Rule 58. Upon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury or with an advisory jury (except as provided in Rule 39[D]) shall find the facts specially and state its conclusions thereon. The court shall make special findings of fact without request

* * * * * *
"(2) in any review of actions by an administrative agency; * * *." (Our emphasis.)
The cause is, therefore, remanded with instructions to the trial court to make the mandatory special findings of fact as required by the rules. This Court shall retain jurisdiction of this appeal for determination on the merits when the findings are filed with this Court.
SULLIVAN, P.J., and BUCHANAN and LOWDERMILK, JJ., concur.