DEBRA BURK *v*. STATE OF INDIANA.

[No. 671S172. Filed November 24, 1971.]

*Craig, Craig & Brown,* of Brazil, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant, Debra Burk, was found guilty, after trial to a jury, of the use of a narcotic drug, Lysergic Acid Diethylamide, commonly known as LSD. Upon conviction, a minimum penalty was imposed which consisted of a one (1) dollar fine and a sentence of one hundred-eighty (180) days in the Correctional Department of the Indiana Women's Prison. Appellant's Motion to Correct Errors was overruled, and this appeal was initiated.

Appellant was charged pursuant to IC 1971, 35-24-1-2, (Ind. Ann. Stat. § 10-3520 [1970 Supp.]). The affidavit reads, in part:

". . . did then and there unlawfully and feloniously (Count I) use a narcotic drug, to wit: Lysergic Acid Diethylamide, commonly known as LSD, same being; (Count II) become found in a certain public place, to wit: The Clay County Hospital, in the City of Brazil, Indiana, when she was under the influence of a narcotic drug, to wit: Lysergic Acid Diethylamide, common known as LSD. . . ."

Appellant was found not guilty of Count II, but was convicted on Count I.

IC 1971, 35-24-1-2, (Ind. Ann. Stat. § 10-3520 [1970 Supp.]), reads, in applicable part, as follows:

"It shall be unlawful for any person to . . . use any narcotic drug or drugs except as authorized in the laws of the United States or the state of Indiana. . . ."

Prior to trial, counsel for appellant filed a timely Motion to Quash the Affidavit. The Motion to Quash was based upon the following grounds:

1.  That the charge stated does not constitute a public offense;

2.  That the affidavit does not state the offense with sufficient certainty;

3.  That the charge is based upon a Statute that is unconstitutional. The trial court overruled the motion, and appellant has assigned error to this ruling on appeal.

Appellant contends that lysergic acid diethylamide, hereinafter referred to as LSD, is not a narcotic drug as defined by IC 1971, 35-24-1-1, (Ind. Ann. Stat. § 10-3519 [1970 Supp.]), which reads, in part, as follows:

(14)  (a)  " 'Narcotic drugs' means any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

1.  Opium, isonipecaine, coca leaves, cannabis and opiate;

2.  Any compound, manufacture, salt, derivative, or preparation of opium, isonipecaine, coca leaves or opiate; and

3.  Any substance and any compound, manufacture, salt, derivative, or preperation thereof which is chemically identical with any of the substances referred to in paragraphs 1 and 2 immediately above.

(b)  The term 'narcotic drugs' shall also mean, but shall not be limited to, any drug which the Indiana board of pharmacy, after reasonable notice and opportunity for hearing, shall determine has an addiction-forming or addiction-sustaining quality similar to that of any narcotic drug as defined in subsection (a) of this section. In the rules and regulations adopted by the board under the provisions of chapter 120 of the Acts of 1945, as said act may hereafter be amended, the Indiana board of pharmacy shall issue a list of such narcotic drugs and proclaim them to be narcotic drugs as defined by this act. In the determination that any such drug is a narcotic drug, the pharmacy board may take into consideration the fact that such drug has been determined to be a narcotic drug by the federal narcotics law, as [or] has been determined to be a narcotic drug by 'Presidential Proclamation.' "

The conviction was based on the conclusion that the Indiana Board of Pharmacy has proclaimed that LSD is a "narcotic drug" pursuant to the powers vested in it by the above statute. It is claimed that such proclamation was made by Board of Pharmacy Regulation 22, § 1, which reads as follows:

> "The terms 'narcotics' and 'other dangerous drugs' as used in these regulations shall mean those drugs, biologicals, medicinal substances or devices defined in the Indiana Uniform Narcotic Drug Act [Burns' Stat., §§ 10-3519—10-3543] and the Indiana Dangerous Drug Act [Burns' Stat., §§ 35-3331—35-3339] and all acts supplemental thereto and amendatory thereof and any rules and regulations promulgated by the Indiana Board of Pharmacy pursuant to the Indiana Uniform Narcotic Drug Act, and the definitions of such terms as used by the United States Government and the Executive Proclamations of the President of the United States." [Bd. of Pharmacy, Reg. 22, § 1, adopted May 14, 1962, filed June 18, 1962.]

Appellee contends that IC 1971, 35-24-1-1, (Ind. Ann. Stat. § 10-3519 [1970 Supp.]), incorporates by reference Indiana Board of Pharmacy Regulation 22, § 1, which, in turn, incorporates by reference the definition of drugs as defined by the Dangerous Drug Act, IC 1971, 16-6-8-2, (Ind. Ann. Stat. § 35-3332 [1970 Supp.]). In effect, it is claimed that the legislature delegated the power to define narcotic drugs to the Indiana Board of Pharmacy, and, in turn, the Indiana Board of Pharmacy decided that the definition of narcotic drugs should include the legislature's definition of dangerous drugs as defined by the Dangerous Drug Act. We do not agree.

IC 1971, 35-24-1-1, (Ind. Ann. Stat. § 10-3519 [1970 Supp.]), hereinafter referred to as the Narcotic Drug Act, should not be construed to mean that the legislature delegated the power to define a narcotic drug to the Indiana Board of Pharmacy. The language in the Narcotic Drug Act clearly limits the authority of Indiana Board of Pharmacy to determining, after reasonable notice and opportunity for hearing, whether a certain drug falls within the definition of a

"narcotic drug" as that term is used in the Narcotic Drug Act. The Narcotic Drug Act clearly states that such drug must have an addiction-forming or an addiction-sustaining quality similar to any naroctic drug expressly defined in the Act itself. The Act further qualifies the authority of the Indiana Board of Pharmacy by permitting the Board to consider, when making such determinations, federal narcotics law or Presidential Proclamations as they might relate to narcotic drugs. There is no language in the Act which could be construed to mean that the Indiana Board of Pharmacy has been given the authority to redefine a narcotic drug.

Furthermore, this Court is of the opinion that Indiana Board of Pharmacy Regulation 22, § 1, is not an attempt by the Board to redefine a narcotic drug. The regulation in question merely states that the meaning of the terms "narcotics" and "dangerous drugs" have been defined by the legislature in the Narcotic Drug Act and the Dangerous Drug Act. Regulation 22 only defines the term "narcotics and other dangerous drugs" for purposes of clarification of that term as it is used in the regulations.

The Narcotic Drug Act provides a penalty for the use of a narcotic drug as defined by this Act. LSD has never been defined by the Narcotic Drug Act as a narcotic drug. Therefore, an affidavit pursuant to the Narcotics Act charging the use of LSD is erroneous, and it follows that the trial court committed error in overruling appellant's Motion to Quash. In that the trial court's judgment must be reversed, we find it unnecessary to reach the other issues presented on this appeal.

Judgment reversed, and cause remanded with instructions to sustain appellant's Motion to Quash the Affidavit.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 1.