DENNIS JOSEPH HEALEY *v.* STATE OF INDIANA.

[No. 172A14. Filed November 15, 1972.]

*John Martin Smith, Charles L. Quinn, Smith and Quinn,* of Auburn, for appellant.

*Theodore L. Sendak,* Attorney General, *John McArdle,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—This appeal arises from the conviction of defendant-appellant Dennis Joseph Healey of the crimes of illegal sale and possession of marijuana.

Defendant Healey was charged by amended affidavit in two counts. Count One of the amended affidavit charged the illegal possession and control of "a dangerous drug, to-wit: cannabis to-wit marihuana, [marijuana] * * *." Count Two of the amended affidavit charged the illegal sale of "a dangerous drug to-wit: cannabis to-wit: marihuana, [marijuana] * * *." Both counts of the amended affidavit were phrased in the terms of the Indiana Dangerous Drug Act. [IC 1971, 16-6-8-1 to 16-6-8-10, Ind. Ann. Stat. §§ 35-3331 to 35-3339 (Burns 1972 Cum. Supp.)].

Appellant contends that at the time of his trial marijuana was not legally considered a dangerous drug. We agree, at least insofar as it was not defined as such by the Legislature. Marijuana was explicitly defined, and its possession and sale were made illegal under the Indiana Uniform Narcotic Drug Act [IC 1971, 35-24-1-1 to 35-24-1-26, Ind. Ann. Stat. §§ 10-3519 to 10-3543 (Burns 1972 Cum. Supp.)].

Had Healey filed a timely motion to quash, the amended affidavit would have been subject to such motion. *Burk* v. *State* (1971), 257 Ind. 407, 275 N.E.2d 1.

However, no motion to quash the amended affidavit was filed by Healey. Rather, Healey contends that having proceeded to trial under the amended affidavit, there was a failure of proof that marijuana was a dangerous drug, and thus his motion for a directed finding should have been sustained.

The amended affidavit charged Healey with the *sale and possession of a dangerous drug,* namely, marijuana. Healey was not charged with the sale and possession of a narcotic drug, nor was he charged with the sale and possession of marijuana. He was charged with the *sale and possession of a dangerous drug.* The prosecution did not prove marijuana was a dangerous drug, in fact it was legally barred from doing so because at the time of the trial in the instant case the possession and sale of marijuana were made illegal not by the Indiana Dangerous Drug Act, but by the Indiana Uniform Narcotic Drug Act. In the amended affidavit Healey was charged under the wrong statute and trial proceeded on such charges. The conviction and the sentence were based on different crimes than were charged and the conviction was not for a lesser included offense of the crimes charged. Such a variance cannot be upheld. *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498, 500.

The judgment of the trial court is reversed with instructions to grant Healey's "motion for a directed finding."

Judgment reversed with instructions.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 288 N.E.2d 781.