LEON W. HAFFNER *v.* INDIANA STATE BOARD OF REGISTRATION AND EXAMINATION IN OPTOMETRY.

[No. 2-473A95. Filed September 2, 1975.]

*Robert A. Claycombe, Steven G. Cracraft, Kothe, Shotwell, Claycombe, Hendrickson & Kortepeter,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—This is an appeal by Plaintiff-Appellant Leon W. Haffner (Haffner) from a trial court judgment affirming a decision of the Indiana State Board of Registration and Examination in Optometry (the Board), which revoked Haffner's license to practice optometry, claiming *inter alia,* that the trial court in reviewing the Board's decision failed to make any findings of fact.

We reverse and remand.

## FACTS

Because of the limited scope of our decision, only the procedural facts are pertinent.

On September 28, 1966, the Board charged Haffner with "gross incompetence" and issued to Haffner a "Notice of Preliminary Hearing and Statement of Charges and Specifications."

Following a hearing, the Board concluded that Haffner was grossly incompetent and revoked his license to practice optometry. Its findings were that Haffner in examining the eyes of patients failed to perform, or performed inadequately or incompletely, generally accepted steps, tests and procedures of the practice of optometry and did so in cooperation with others who were not licensed to practice optometry.

Following Haffner's timely complaint for judicial review in the Superior Court of Marion County, Room 6, which raised certain constitutional, procedural, and evidentiary errors, the trial court affirmed the decision of the Board. Its judgment was:

### "JUDGMENT ENTRY

"And the Court having had this cause under advisement and having heard the argument of counsel and having examined the transcript of evidence of the petitioner's hearing before the Indiana State Board of Registration and Examination in Optometry, and the Court being duly advised in the premises, finds that the charges against the petitioner were fully sustained by evidence of sound probative value, and the Court now finds that the decision of the Indiana State Board of Registration and Examination in Optometry should be in all things sustained; and now the stay order against the Indiana State Board of Registration and Examination in Optometry which has heretofore stayed the revocation of Leon W. Haffner's license to practice optometry in the State of Indiana, should be dissolved and the petitioner's petition is denied.

"IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the petitioner's petition be and the same is hereby denied and the Board's revocation of petitioner's license to practice optometry is sustained and the stay order heretofore entered against the Indiana State Board of Registration in Optometry is hereby dissolved and that the petitioner pay all costs of this action.

" /s/ Rufus C. Kuykendall

Rufus C. Kuykendall, Judge
Marion Superior Court No. 6

"Dated: 10-2-72"

## ISSUE

The only issue[1] necessary to our disposition of this case is:

Did the trial court commit reversible error by failing to make Findings of Fact?

Haffner contends that the trial court's failure to make Findings of Fact violated the Administrative Adjudication Act and Trial Rule 52(A)(2), and therefore constitutes reversible error.

The Board asserts that the trial court did make sufficient Findings of Fact and Conclusions of Law.

## DECISION

CONCLUSION—It is our opinion that the trial court failed to make sufficient Findings of Fact so as to comply with either the Indiana Rules of Procedure, Trial Rule 52(A)(2), or with the Administrative Adjudication Act (AAA).[2]

Trial Rule 52 explicitly requires the trial court to make special findings of fact in any judicial review of an administrative agency's determination:

> "(A) *Effect.* In the case of issues tried upon the facts without a jury or with an advisory jury, the court shall determine the facts and judgment shall be entered thereon pursuant to Rule 58. Upon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury or with an advisory jury (except as provided in Rule 39[D]) shall find the facts specially and state its conclusions thereon. *The court shall make special findings of fact without request*

* * *

1. Haffner raises other specifications of error: (1) denial of equal protection; (2) denial of due process by the Board and the trial court; (3) absence of and vagueness of professional standards in the statute providing for charges of "gross incompetence"; (4) insufficient Findings of Fact by the Board; (5) Conclusions of Law not supported by the Findings of Fact; and (6) admission by the Board of allegations of Haffner's Complaint for Review by its failure to deny same. Because we reverse and remand, it is unnecessary to consider these errors raised by Haffner. *Burk* v. *State* (1971), 257 Ind. 407, 275 N.E.2d 1, 4; *Abrams* v. *Legbandt* (1974), 160 Ind. App. 379, 312 N.E.2d 113, 114; *Cook* v. *American States Ins. Co.* (1971), 150 Ind. App. 88, 275 N.E.2d 832, 841.

2. IC 1971, 4-22-1-1, *et seq.* (Burns Code Ed.)

*"(2)   in any review of actions by an administrative agency; . . ."* (Our emphasis.)

See, *Metro. Bd. of Zoning Appeals of Marion County* v. *Rumple* (1971), Ind. App., 274 N.E.2d 727.

The requirement of written findings by a trial court reviewing a decision of an administrative agency is spelled out more specifically in the Administrative Adjudication Act:[3]

> *"4-22-1-18  [63-3018].   Judicial review—Procedure.*—On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [4-22-1-1—4-22-1-30].
>
> "On such judicial review, if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.
>
> "If such court finds such finding, decision or determination of such agency is:
>
> "(1)   Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or
>
> "(2)   Contrary to constitutional right, power, privilege or immunity; or
>
> "(3)   In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or
>
> "(4)   Without observance of procedure required by law; or·
>
> "(5)   Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside.   The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.
>
> *"Said court* in affirming or setting aside the decision or determination of the agency *shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record,* and enter of record its written decision and order or judgment. [Acts 1947, ch. 365, § 18, p. 1451.]" (Our emphasis.)

IC 1971, 4-22-1-18 (Burns Code Ed.)

---

3. The Board of Optometry, not being specifically excepted by the AAA [IC 1971, 4-22-1-2 (Burns Code Ed.)] is included within its provisions. *See* IC 1971, 4-22-1-30. *Also see State ex rel. Rainey* v. *Bd. of Trustees* (1964), 245 Ind. 693, 201 N.E.2d 564; *City of Plymouth* v. *Stream Pollution Cont. Bd.* (1958), 238 Ind. 439, 151 N.E.2d 626.

*See generally,*

*Indiana Alcoholic Bev. Commission* v. *Lamb* (1971), 256 Ind. 65, 267 N.E.2d 161; *Walden* v. *Ind. Per. Bd.* (1968), 250 Ind. 93, 235 N.E.2d 191; *Indiana Board of Pharmacy* v. *Horner* (1961), 241 Ind. 326, 172 N.E.2d 62; *Ind. St. Bd. of Dental Examiners* v. *Levin* (1966), 247 Ind. 180, 213 N.E.2d 897; *Indiana Alcoholic Bev. Commission* v. *Johnson* (1973), 158 Ind. App. 467, 303 N.E.2d 64.

Even superficial examination of the trial court's "Judgment Entry" reveals its lack of "written findings of fact . . . which . . . encompass the relevant facts shown by the record. . . ."[4]

Until the decision of the Board is properly reviewed by the Superior Court of Marion County, Room No. 6, and findings made in accordance with the provisions of the Administrative Adjudication Act, we cannot intelligently review its judgment. *Cf.*

*Kunz* v. *Waterman* (1972), 258 Ind. 573, 283 N.E.2d 371; *Carlton* v. *Bd. of Zoning Appeals* (1969), 252 Ind. 56, 245 N.E.2d 337; *TRW* v. *West* (1973), 155 Ind. App. 495, 293 N.E.2d 517; *Johnson* v. *Thomas & Skinner* (1972), 152 Ind. App. 136, 282 N.E.2d 346.

Therefore, the judgment of the trial court is reversed and this case remanded for further proceedings consistent with this opinion.

Robertson, C.J. (by designation) and Sullivan, P.J., concur.

NOTE.—Reported at 333 N.E.2d 312.

---

4. IC 1971, 4-22-1-18 (Burns Code Ed.).