**SCOTT COUNTY SCHOOL DISTRICT 2 and the Board of Scott County School District 2, in its official capacity, Appellants,**

v.

**Thomas DIETRICH, Appellee.**

**No. 1–985A233.**

Court of Appeals of Indiana,
First District.

July 24, 1986.

Charles R. Rubright, George H. Abel, II, Bose McKinney & Evans, Indianapolis, for appellants.

Janet C. Knapp, Richard J. Darko, Tabbert, Cremer & Capehart, Indianapolis, for appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellants challenge the trial court's reversal of the school board's decision to terminate the indefinite teaching contract of Thomas Dietrich. We remand with instructions.

## ISSUE

Must a trial court make special findings of fact when reviewing a school board's cancellation of a teacher's contract?

## DISCUSSION AND DECISION

Indiana Rules of Procedure, Trial Rule 52(A)(2) provides that a trial court, when reviewing an administrative body's decision, must make special findings of fact. As our court explained, "The underlying purpose of the rule requiring findings of fact by the reviewing court is to facilitate judicial review by enabling this court to more readily understand the reviewing court's view of the controversy without speculating as to the reviewing court's reasoning." *Farmers State Bank v. Department of Financial Institutions* (1976), 171 Ind.App. 145, 148, 355 N.E.2d 277, 279–80.

A trial court's failure to make special findings of fact on review of an administrative agency's decision is reversible error. *Haffner v. State Board of Registration and Examination in Optometry* (1975), 165 Ind.App. 574, 333 N.E.2d 312; *State Board of Tax Commissioners v. Stone City Plaza* (1974), 161 Ind.App. 627, 317 N.E.2d 182.

Although a school board is not an "administrative agency" within the meaning of Indiana's Administrative Adjudication Act, *South Bend Community School Corp. v. National Education Association-South Bend* (1983), Ind.App., 444 N.E.2d 348, 350, a school board nevertheless is an administrative body when it hears charges against a teacher. *State ex rel. Newton v. Board of School Trustees* (1984), Ind.App., 460 N.E.2d 533, 540–41, *trans. denied; State ex rel. Newton v. Board of School Trustees* (1980), Ind.App., 404 N.E.2d 47, 48 n. 2; *Doran v. Board of Education* (1972), 152 Ind.App. 250, 254, 283 N.E.2d 385, 387, *trans. denied.* Since a school board is an administrative entity when it deliberates on charges against a teacher, a trial court must make special findings of fact when reviewing the board's actions. T.R. 52(A)(2).

The Jennings Circuit Court failed to make any factual findings when it reversed the board's decision to cancel Thomas Dietrich's teaching contract. Without such findings, we are unable to discern whether the trial court concluded that there was no substantial evidence to support the board's decision or substituted its judgment for that of the board.

We remand and retain jurisdiction. The trial court has thirty (30) days after the certification of this opinion by the clerk of this court to make special findings of fact to comply with T.R. 52(A)(2) and file such with the clerk of this court.

ROBERTSON, P.J., and NEAL, J., concur.