BOARD OF SCHOOL COMMISSION-
ERS OF the CITY OF INDIANAPO-
LIS, Appellant (Defendant below),

v.

Michael WALPOLE, Appellee
(Plaintiff below).

No. 49S00–0303–CV–112.

Supreme Court of Indiana.

Jan. 13, 2004.

Ellen E. Boshkoff, Roberta S. Recker, Jessica P. Barth, B. Keith Shake, Indianapolis, IN, Attorneys for Appellant.

Richard J. Darko, Eric M. Hylton, Andrielle M. Metzel, Indianapolis, IN, Attorneys for Appellee.

Lisa F. Tanselle, Indianapolis, IN, Amicus Curiae Indiana School Boards Association.

David R. Day, Noblesville, IN, Amicus Curiae Indiana Association of Public School Superintendents.

BOEHM, Justice.

The relationship between a school board and its teachers is governed in Indiana by statute. The Teacher Tenure Act provides that upon request of the teacher, a school board must conduct a hearing to consider the termination of a permanent or semi-permanent teacher's contract. Indiana Trial Rule 28(F) provides for trial discovery procedures to apply in certain administrative proceedings. We hold that this Rule does not apply to a termination hearing under the Tenure Act.

Michael Walpole was a permanent teacher in Indianapolis Public Schools. In October of 2002, the Board of School Commissioners of the City of Indianapolis suspended Walpole with pay. On December 20 of that year, the Superintendent gave Walpole notice that the Board planned to hold a meeting on January 28, 2003, to consider the Superintendent's recommen-dation that Walpole's contract be canceled. At some point not disclosed by the record, Walpole exercised his statutory right under the Tenure Act, and requested a hearing. The hearing was set for January 27 in compliance with the requirement of the Tenure Act that it be held after at least thirty days notice, but within forty days of the notice. On January 9, eighteen days before the hearing, Walpole sought to invoke Indiana Trial Rules 28(F) and 34 by serving a request for production of documents. He also informally asked the Board to allow him to take several depositions and requested a postponement of the hearing to accommodate the desired discovery.

At a pre-hearing conference held the next day, January 10, the representative of the Board stated that the Board intended to provide Walpole with all relevant documents, including the documents he requested, subject to privilege and confidentiality concerns. Walpole renewed his request for a continuance to allow time for discovery. On January 21, the Board denied Walpole's request for formal discovery and also rejected his request for a continuance. Walpole then requested a continuance to permit a court to decide the matter, but that request was also denied.

On January 22, Walpole filed this lawsuit in Marion Superior Court. After a hearing, the trial court entered a preliminary injunction enjoining the Board from conducting its hearing and ordering the Board to allow Walpole a reasonable opportunity for discovery under Trial Rule 28(F). The trial court concluded that a school board "is an administrative agency for such things as discovery under Trial Rule 28(F)," and ruled that to the extent Trial Rule 28(F) conflicts with the Tenure Act, the Trial Rule governs.

The Board took this interlocutory appeal of the trial court's granting of a preliminary injunction pursuant to Appellate Rule 14(A)(5) and petitioned for emergency transfer to this Court pursuant to Indiana Appellate Rule 56(A). The Board argued that this "appeal presents a 'substantial question of law or fact of great public importance and an emergency exists which makes a speedy determination of the question desirable' in this Court." This Court granted transfer.

█ The Tenure Act requires a school board to notify a permanent teacher when it plans to cancel the teacher's contract. Ind.Code § 20–6.1–4–11 (1998). Upon notification, the teacher may request a hearing on the matter. *Id.* At the hearing, the teacher is entitled to receive a statement of the reasons for the recommendation and to present evidence related to those reasons. *Id.* Walpole argues, and the trial court agreed, that Indiana Trial Rule 28(F) applies to these hearings, allowing him to conduct full discovery in preparation for the hearing.

Trial Rule 28(F) provides:

(F) Discovery proceedings before administrative agencies

Whenever an adjudicatory hearing, including any hearing in any proceeding subject to judicial review, is held by or before an administrative agency, any party to that adjudicatory hearing shall be entitled to use the discovery provisions of Rules 26 through 37 of the Indiana Rules of Trial Procedure. Such discovery shall include any relevant matter within the custody and control of the administrative agency.

█ By its terms, this rule applies only to an "adjudicatory hearing" before an "administrative agency." A school board acting under the Tenure Act on a termination has been held not to be an "admin-

istrative agency" for purposes of the Administrative Orders and Procedures Act (AOPA) because AOPA applies only to state-wide agencies and does not apply to arms of local government. *Stewart v. Fort Wayne Cmty. Sch.*, 564 N.E.2d 274, 277 (Ind.1990). However, the Court of Appeals has concluded that a school board should be treated as an administrative agency for some purposes when it considers a teacher's termination. Specifically, *Scott County School District v. Dietrich,* 496 N.E.2d 91, 92 (Ind.Ct.App.1986), held that when a school board hears charges against a teacher the board is an "administrative agency" that triggers the requirement of Trial Rule 52(A)(2) that a reviewing trial court make special findings of fact. The court reached this conclusion even though the Tenure Act does not require the Board to make findings of fact. Similarly, in *Doran v. Board of Education,* 152 Ind.App. 250, 283 N.E.2d 385, 387 (1972), the Court of Appeals held that a school board acts as an administrative body when hearing charges against a teacher and therefore "is charged with the same legal procedure of accepting or rejecting evidence as a state wide administrative body." Although *Scott County* and *Doran* used the terms "administrative entity" and "administrative body" to refer to the school board, Trial Rule 52(A)(2) uses "administrative agency," and that is the same term that is found in Trial Rule 28(F). From these cases, Walpole reasons that Trial Rule 28(F) applies in a termination hearing. We agree that Rule 52(A)(2) is properly applied to judicial review of a Tenure Act termination. But that Rule applies to the trial court, not to the school board, and is plainly an intrajudicial branch provision. The provision Walpole invokes involves somewhat different considerations.

We think that when a school board acts to determine whether a teacher's employ-

ment should be terminated, the board does not act as an administrative agency as that term is used in Rule 28(F). In this context, a school board is not performing a typical agency action. It is not acting as a regulator, setting rates or issuing licenses, or otherwise affecting members of the public. Although it is a public body, the board is performing a managerial act, essentially acting as an employer dealing with the internal operations of its organization.

■ To be sure, the Tenure Act regulates this process and confers on permanent teachers a property interest in their jobs. *See Stewart*, 564 N.E.2d at 280. The Act also requires that the school board's actions be for cause, confers a right to a hearing, and provides for judicial review. These characteristics of the school board's action do not lead us to the conclusion that the hearing is adjudicatory. They arise from the requirements of the statute, not from the nature of the school board's actions under review. The Board remains an employer dealing with a personnel matter, albeit one with procedures and rights that exist by mandate of the statute. *See* I.C. § 20–6.1–4–11. Because the teacher has a property right, termination of employment must comport with due process requirements. *See Stewart*, 564 N.E.2d at 280. Accordingly, the statute also provides notice and hearing requirements before a school board may deprive the teacher of his or her right to employment. I.C. § 20–6.1–4–11. But, in this context, due process requires only that the employee be given "notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (citations omitted). Due process does not include discovery rights in a termination

hearing. *See id.; see also Vukadinovich v. Bd. of Sch. Trs.*, 776 F.Supp. 1325, 1329–30 (N.D.Ind.1991).

We think the Tenure Act struck its own balance between employment-at-will and the process that is due on termination of a teacher. Before the Act, teacher termination was viewed as "ministerial." *Hyde v. Bd. of Comm'rs*, 209 Ind. 245, 259, 198 N.E. 333, 338 (1935). The Act does not change that status or provide a teacher more rights than it enumerates. Therefore, even though the Tenure Act creates procedures and remedies in large part similar to adjudicatory proceedings under other agencies, these procedures do not transform the hearing from the internal action of an employer to an administrative hearing of an agency of the type contemplated by Trial Rule 28(F). Rather the Tenure Act both creates and defines the limits of the required process. It does not provide for formal discovery procedures of the kind found in the Trial Rules.

■ We reach this conclusion in large part based on the structure of the Tenure Act. The statute provides a specific procedure for terminating teacher contracts including detailed notification and timing requirements. Importantly, the Act requires that a teacher be notified of the recommendation that the contract be terminated at least thirty days, but not more than forty days before the school board considers the recommendation. I.C. § 20–6.1–4–11. This specific timeline reflects a legislative intent that a school board give notice, but also act promptly in considering a recommendation to terminate a teacher's contract. Because the Tenure Act provides such a detailed and time-constrained method for dealing with teacher contracts, we conclude that the legislature did not intend for full discovery to be available in a hearing to consider termination of a teacher's contract.

The timetables for ordinary discovery do not fit within the statutory schedule for a Tenure Act termination. For example, under Trial Rule 34, the deadline for responding to a request to produce documents is ordinarily thirty days from the date of the request. Orderly discovery under the Trial Rules typically proceeds from document production to depositions with interrogatories and requests for admission often both preceding and following depositions. In this case, the earliest possible deadline for document production, without expedited discovery, was February 8, eleven days after the hearing was scheduled.

Walpole points out that it is possible to compress formal discovery into the thirty to forty day window, but this can only be done by forcing teacher termination into the mode of a preliminary injunction hearing with shortened deadlines for document production, notice of depositions, interrogatory responses and requests for admission. Litigation in this mode is both expensive and exhausting. Discovery is a two-way street, so both teachers and school boards are affected. Massive, hurry-up discovery can divert attention from other aspects of operating a school system. We do not believe the legislature intended to impose those costs on either school boards or teachers. If that is to be done, it should be by act of the General Assembly which can best weigh the relative costs and benefits of more formal procedures.

Finally, the Board argues that any conflict between Trial Rule 28(F) and the Tenure Act should be construed in favor of the Tenure Act and that Trial 28(F) would violate the Indiana constitutional requirement of separation of functions in this context. Because we conclude that Trial Rule 28(F) does not apply to a school board when it decides whether to cancel a teacher's contract, we do not need to address this contention.

## Conclusion

A school board is not required to allow a teacher full discovery in preparation of a hearing to consider the teacher's dismissal. The decision of the trial court is reversed.

SHEPARD, C.J., and DICKSON, and RUCKER, JJ., concur.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Justice, dissenting.

The majority acknowledges that judicial review of Teacher Tenure Act terminations are among the actions by "an administrative agency" governed by the provisions of our Trial Rule 52(A)(2). But it goes on to conclude that even though we use exactly the same expression in our Trial Rule 28(F), we mean to exclude judicial review of Teacher Tenure Act terminations by "an administrative agency" from its provisions.

I think judicial review of Teacher Tenure Act terminations is covered by the plain language of T.R. 28(F) and should be. Judicial review of disputed issues of fact in a teacher termination proceeding is confined to the school board's record; the court does not try the cause de novo or substitute its judgment for that of the school board. Without the opportunity for discovery that T.R. 28(F) provides, an accused teacher may not have the opportunity to place his or her side of the story in the record. In my view, T.R. 28(F) exists to assure that; in return for judicial deference to administrative agency factfinding, the parties will have a full and fair opportunity to develop the evidence that the administrative agency will consider. This is especially important where the administrative agency is the school board—which effectively operates as prosecutor, judge,

and jury in teacher termination proceedings.

I recognize that the teacher here is charged with serious misconduct. But without a full and fair opportunity to develop his evidence, how will the school board—not to mention a court on judicial review—be able to tell whether this is a case of misconduct or a case of a strict but fair teacher falsely accused by a student who has been disciplined?

I would affirm the decision of the trial court.