Candace K. DAVIS, Appellant-Plaintiff,

v.

C. P. LESH PAPER COMPANY,
Appellee-Defendant.

No. 2–1077A399.

Court of Appeals of Indiana,
Fourth District.

Sept. 11, 1979.

Larry S. Pugh, Pugh & Brown, Indianapolis, for appellant-plaintiff.

Michael V. Gooch, Harrison, Moberly & Baston, Indianapolis, for appellee-defendant.

CHIPMAN, Judge.

Appellant Candace Davis seeks review of the decision by the Full Industrial Board to dismiss her claim for compensation. The claim was dismissed because it was not filed within two years after Davis' work-related accident. Davis claims her minority tolled the statute of limitations. We do not agree and affirm.

We must examine four statutes to resolve the issue presented. The first is the general statute of limitations section for the Indiana Workmen's Compensation Act. Ind. Code 22–3–3–3. This statute bars a compensation claim unless it is brought within two years of the accident.

> Limitation for filing claim.—The right to compensation under this act [22–3–2–1—22–3–6–3] shall be forever barred unless within two [2] years after the occurrence of the accident, or if death results therefrom, within two [2] years after such death, a claim for compensation thereunder shall be filed with the industrial board: Provided, however, That in all cases wherein an accident or death results from the exposure to radiation a claim

for compensation shall be filed with the industrial board within two [2] years from the date on which the employee had knowledge of his injury or by exercise of reasonable diligence should have known of the existence of such injury and its causal relationship to his employment.

Second is the Act's special tolling statute for minors. Ind. Code 22–3–3–30.

Time limitation not to run against incompetents and minors.—No limitation of time provided in this act [22–3–2–1—22–3–6–3] shall run against any person who is mentally incompetent or a minor so long as he has no guardian or trustee.

The third provision we must consider is the Workmen's Compensation Act's statutory definition of "minor" found in Ind. Code 22–3–6–1(b).[1]

*In this act [22–3–2–1—22–3–6–3] unless the context otherwise requires:*

.        .        .        .        .

(b) The term "employee," as used in this act, shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer. *A "minor" shall mean an individual under the age of seventeen [17] years.*

.        .        .        .        .

The final statute to be examined is the provision which defines "minor" for general application. Ind. Code 34–1–67–1(15).

(15) The terms "infant," "minor," or "persons in his minority" mean any person under eighteen [18] years of age. The terms "adult," "of full age" and "person in his majority" mean any person at least eighteen [18] years of age.

Davis was injured in the course of her employment on August 23, 1973. At that time she was seventeen (17) years old. Her claim for compensation was filed May 10, 1976, more than two years after the injury but less than two years after she reached majority at eighteen (18) years. Thus, if Davis was a minor at the time of her accident, her claim was timely filed. If she was not a minor, the Industrial Board properly dismissed her application for compensation.

■ We think our decision is clearly controlled by *Reynolds v. Mobile Wash, Inc.,* (1976) Ind.App., 346 N.E.2d 625. In an almost identical factual situation, the Second District found the language of Ind. Code 22–3–6–1(b) to be "plain and unambiguous" and held that section's definition of "minor" to applicable to both the statute of limitations, Ind. Code 22–3–3–3, and the tolling statute, Ind. Code 22–3–3–30, of the Workmen's Compensation Act. We find no basis for questioning that decision.

■ Davis raises one argument that was not addressed in *Reynolds.* She asserts the statutory definition of "minor" found in Ind. Code 22–3–6–1(b) was inserted in the statute only to allow an employer to hire persons who would normally be minors without running the risk of double compensation.[2] Our review of the statutory sections reveals no legislative intent to limit the prescribed definition of "minor" in Ind. Code 22–3–6–1(b) to the double compensation provisions. Rather, we think the legislature clearly intended to apply the definition to the entire Act, unless specifically provided otherwise. Finding no such proviso in either the statute of limitations section, Ind. Code 22–3–3–3, or the special

---

1. On April 4, 1979, the Indiana General Assembly amended Ind. Code 22–3–6–1. The definition of "minor" is now set forth in sub-section (c). However, because this case was decided at the trial level prior to the enactment of the new statute, we will refer to sub-section (b). We note the new statute has no effect on our analysis of this case, and, in fact, supports our interpretation of the old statute. *See* note 3, *infra.*

2. Ind. Code 22–3–6–1(b) provides that a minor who is injured while working in violation of the child labor laws is entitled to double compensation. This provision was added in 1933. Acts 1933, ch. 243, § 1, p. 1103. The sentence defining a "minor" as an individual under the age of seventeen years was added in 1969. Acts 1969, ch. 94, § 7, p. 202.

tolling statute, Ind. Code 22–3–3–30, we hold the definition of "minor" in 22–3–6–1(b) controlled the determination of whether the statute of limitations had run against Davis.[3]

Appellant Davis' claim for compensation was therefore properly dismissed by the Full Industrial Board.

Affirmed.

MILLER, P. J., and YOUNG, J., concur.

---

**3.** Our conclusion is reinforced by a 1979 legislative amendment to Ind. Code 22–3–6–1. Under sub-section (c), the statute now reads:

The term "minor" means an individual who has not reached age seventeen (17) years. A minor employee shall be considered as being of full age for all purposes of IC 22–3–2 through IC 22–3–6.