**MEMORIAL HOSPITAL (Memorial Health Systems, Inc.), Appellant–Defendant,**

v.

**Michael D. SZUBA, Appellee–Plaintiff.**

No. 93A02–9807–EX–611.

Court of Appeals of Indiana.

Feb. 8, 1999.

David A. Wemhoff, Edward N. Kalamaros & Associates, South Bend, Indiana, attorney for appellant.

Irving M. Rosenberg, Hesch, Rosenberg & Roberts, Mishawaka, Indiana, attorney for appellee.

**OPINION**

BAKER, Judge.

Appellant-defendant Memorial Hospital appeals from the Worker's Compensation Board's (the Board) order regarding appellee-plaintiff Michael Szuba's Application for Adjustment of Claim and Memorial Hospital's subsequent Special Answer/Motion to Dismiss. Specifically, Memorial Hospital argues that the Board lacked jurisdiction over the application because the applicable statute of limitations had expired. Moreover, Memorial Hospital claims that the Worker's Compensation Act (the Act) does not require an employer to provide an injured employee with a permanent partial impairment (PPI) rating.

*FACTS* [1]

The facts are undisputed. On December 22, 1993, Szuba, an employee of Memorial Hospital, was injured when he slipped and fell in Memorial Hospital's parking lot, hitting his head on the concrete floor. He was sixteen years old at the time of this work-related accident.[2] The hospital paid all of Szuba's medical bills relating to his closed head injury. He did not miss more than seven days of work due to the injury and did not file a claim for temporary total disability benefits. Moreover, Szuba has not received a PPI rating on the amount of permanent impairment he has sustained.

On July 17, 1997, Szuba filed an Application for Adjustment of Claim with the Board. At the time of filing, Szuba was nineteen years old and had lived with his natural parents from the date of the injury. Thereafter, on September 22, 1997, Memorial Hospital filed a Special Answer/Motion to Dismiss, alleging the Board lacked jurisdiction over the application because the statute of limitations had run. The parties waived a hearing on Memorial Hospital's special answer, and instead filed a stipulated record with the Board and submitted briefs in February of 1998. Record at 19–24. The parties also stipulated that the following issues were before the Board: 1) Whether Szuba's natural parents are guardians under IND. CODE § 22–3–3–30; 2) If Szuba's parents are not considered guardians under the statute, whether Szuba's incapacity expired on his seventeenth or eighteenth birthday; and, 3) Whether Memorial Hospital is obligated to have a PPI rating completed for Szuba. R. at 23.

On March 27, 1998, A. James Sarkisian, the single hearing member of the Board, issued the following order with findings of fact and conclusions of law:

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

Said Hearing Judge, having reviewed the submissions by both parties, and having reviewed the entire file and being duly advised in the premises therein, now finds:

1. That the plaintiff was 16 years of age on the date that he was injured.

2. It is further found that by definition of Indiana Code 22–3–6–1(c) the plaintiff was a minor and, therefore, he had two years after he reached his majority age of 18 to file his claim.

3. It is further found that plaintiff filed his Application For Adjustment of Claim with the Worker's Compensation Board of

---

1. Oral argument was held in Indianapolis on January 19, 1999.

2. Szuba was born on August 18, 1977.

Indiana on July 17, 1997, 32 days before his 20th birthday.

4. It is further found that plaintiff complied with the intent of the Indiana Worker's Compensation statutes.

### ORDER

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Worker's Compensation Board of Indiana that plaintiff's incapacity did not expire until he reached 18 years of age and then he had two years from the date he turned 18 years old to timely file his claim due to the fact that the statute of limitations was tolled because he was a minor as defined in Indiana Code Sec. 22–3–6–1(c) under the Indiana Worker's Compensation Act.

R. at 46–47. Memorial Hospital subsequently filed an Application for Review by the Full Board. Following a hearing which was held on June 22, 1998, the Full Board adopted the decision of the single hearing member. R. at 78–79. Memorial Hospital now appeals.

### DISCUSSION AND DECISION

#### I. Definition of "Minor" Under the Act

■ Memorial Hospital initially argues that the Board erred in holding that because Szuba was a minor, pursuant to I.C. § 22–3–6–1(c), when he was injured, the statute of limitations was tolled until he reached eigh-

teen years of age and, therefore, he had until he was twenty to file his claim. Specifically, Memorial Hospital asserts that the Board's decision "flies in the face of the clear and unambiguous language of the statute and is against the legislative intent as previously determined by the Appellate Court." Appellant's Brief at 7.

Memorial Hospital directs our attention to three statutes, first noting that IND.CODE § 22–3–3–3 sets out the basic two-year statute of limitations for claims under the Act. Memorial Hospital then addresses I.C. § 22–3–3–30 which tolls this two-year period of time for incompetents and minors. This tolling statute states: "No limitation of time provided in IC 22–3–2 through IC 22–3–6 shall run against any person who is mentally incompetent or a minor so long as he has no guardian or trustee." Finally, Memorial Hospital notes that the Act specifically defines the term "minor" as " an individual who has not reached seventeen (17) years of age." IND.CODE § 22–3–6–1(c).[3]

Memorial Hospital then relies on *Davis v. C.P. Lesh Paper Co.*, 182 Ind.App. 81, 394 N.E.2d 207 (1979) to support its argument that, for the purposes of the Act, the age of majority in worker's compensation cases is seventeen. *Davis* involved an employee, Candace Davis, who was injured at the age of seventeen. Davis filed a claim for compensation more than two years after the accident, but less than two years after she reached

---

**3.** I.C. § 22–3–6–1(c) provides as follows:

In IC 22–3–2 through IC 22–3–6, unless the context otherwise requires:
(c) "Minor" means an individual who has not reached seventeen (17) years of age.
(1) Unless otherwise provided in this subsection, a minor employee shall be considered as being of full age for all purposes of IC 22–3–2 through IC 22–3–6.
(2) If the employee is a minor who, at the time of the accident, is employed, required, suffered, or permitted to work in violation of IC 20–8.1–4–25, the amount of compensation and death benefits, as provided in IC 22–3–2 through IC 22–3–6, shall be double the amount which would otherwise be recoverable. The insurance carrier shall be liable on its policy for one-half (½) of the compensation or benefits ... and the employer shall be liable for the other one-half.... If the employee is a minor who is not less than sixteen (16) years of age and who has not reached seventeen (17) years of age and who at the time of the accident is

employed, suffered, or permitted to work at any occupation which is not prohibited by law, this subdivision does not apply.
(3) A minor employee who, at the time of the accident, is a student performing services for an employer as part of an approved program under IC 20–10.1–6–7 shall be considered a full-time employee for the purpose of computing compensation for permanent impairment under IC 22–3–3–10. The average weekly wages for such a student shall be calculated as provided in subsection (d)(4).
(4) The rights and remedies granted in this subsection to a minor under IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident shall exclude all rights and remedies of the minor, the minor's parents, or the minor's personal representatives, dependents, or next of kin at common law, statutory or otherwise.... This subsection does not apply to minors who have reached seventeen (17) years of age.

eighteen. After examining the relevant statutes,[4] we affirmed the Board's dismissal of Davis' claim as untimely because Davis had not filed within two years of her accident. Davis argued that the Act's definition of "minor" was only inserted to allow an employer to hire persons who would otherwise be considered minors without running the risk of double compensation. *Id.* 394 N.E.2d at 208. However, we found "no legislative intent to limit the prescribed definition of 'minor' ... to the double compensation provisions." *Id.* Rather, we held that "the legislature clearly intended to apply the definition to the entire Act, unless specifically provided otherwise." *Id.* Finding no such proviso in the statute of limitations or tolling provisions, we went on to hold that the Act's definition of "minor" controlled the determination of whether the statute of limitations had run.

Somewhat surprisingly, Szuba also relies almost exclusively on *Davis* to support his position that he had until he was twenty years old to file his application. In *Davis,* we made the following observation: "Thus, if Davis was a minor at the time of her accident, her claim was timely filed. If she was not a minor, the Industrial Board properly dismissed her application for compensation." *Id.* This clearly supports Szuba's proposition that an injured employee under the age of seventeen has until he is twenty to file his claim.[5] While we recognize that this statement was made in dicta and that there are inherent inconsistencies in its logic, we note that the General Assembly and the Board have presumably been aware of this interpretation and have left it unchanged for over

twenty years. *See Miller v. Mayberry,* 506 N.E.2d 7, 11 (Ind.1987) ("We must presume the Legislature has been aware of our construction ... all this time. The Legislature has the power to change the rule if it disagrees...."). Moreover, the Board has obviously adhered to such interpretation, as in the instant case. *See Mance v. Board of Directors of Pub. Employees' Retirement Fund,* 652 N.E.2d 532, 534 (Ind.Ct.App.1995) (administrative agency's interpretation of a statute entitled to great weight), *trans. denied.* Finally, we note that this comports with our longstanding policy to liberally construe the Act in favor of the employee to effectuate its humane purposes. *See Cox v. Worker's Compensation Bd.,* 675 N.E.2d 1053, 1057 (Ind.1996). Therefore, we find that the Legislature has acquiesced to our previous judicial interpretation in *Davis,* and Szuba had two years from the time he reached the age of eighteen, pursuant to the general definitions of "majority" and "minor" found in IND.CODE § 1–1–4–5,[6] to file his application.

## II. Are Parents Considered Guardians Under I.C. § 22–3–3–30?

■ Memorial Hospital next asserts that the Board did not address the issue of whether parents are "guardians" under the Act. Specifically, Memorial Hospital argues that the statute of limitations was not tolled because Szuba lived with his parents as their dependent. It notes that I.C. § 22–3–3–30 provides that the statute of limitations is tolled for a minor "so long as he has no guardian or trustee." However, the Act does not provide a definition of "guardian." Me-

---

4. We note that at the time of Davis' injury, the applicable definition of minor was found in I.C. § 22–3–6–1(b). The statute was amended on April 4, 1979 and the definition is now set forth in subsection (c). However, the *Davis* court found that the new amendment did not affect its analysis. *Davis,* 394 N.E.2d at 208 n. 1.

5. A similar statement was made in *Reynolds v. Mobile Wash, Inc.,* 169 Ind.App. 189, 193, 346 N.E.2d 625, 627 (1976), which was relied on in *Davis.* We stated that "[i]f [Reynolds] was a 'minor' within the meaning of the tolling statute [at the time of his injuries] his applications were timely filed." However, Reynolds was over seventeen when he was injured, so his applications were not timely filed.

6. This statute, entitled "Definitions applicable to construction of all Indiana statutes," provides in pertinent part as follows:

The following definitions apply to the construction of all Indiana statutes, unless the construction is plainly repugnant to the intent of the general assembly or of the context of the statute:

(1) "Adult", "of full age", and "person in his majority" mean a person at least eighteen (18) years of age.

. . . .

(7) "Infant", "minor", or "person in his minority" mean a person less than eighteen (18) years of age.

. . . .

morial Hospital contends that parents are the natural guardians of their children [7] and, therefore, the statute was not tolled because Szuba's parents should have exercised his right pursuant to I.C. § 22–3–3–29.[8]

■ An examination of other statutes within the Act reveals that when the Legislature intended to include parents, it specifically used the term "parent." For example, I.C. § 22–3–3–28(b) provides that when compensation over $100 is due an injured employee under the age of eighteen, the payment shall be made to "a trustee, appointed by the circuit or superior court, or to a duly qualified guardian, or to a parent upon the order of the worker's compensation board." Another example of a statute in the Act which refers to parents separately from guardians is IND.CODE § 22–3–2–15(c) which provides: "A minor dependent, by parent or legal guardian, may compromise disputes and may enter into a compromise settlement agreement, and upon approval by a member of the worker's compensation board, the settlement agreement shall have the same force and effect as though the minor had been an adult...." With these statutes in mind, we observe that the Legislature did not refer to "parent" in I.C. § 22–3–3–30. Therefore, we will apply the well-established statutory con-

struction maxim expressio unius est exclusio alterius which means that the enumeration of certain things in a statute implies the exclusion of all others. *See Geller v. Meek*, 496 N.E.2d 103, 108 n. 21 (Ind.Ct.App.1986). This is especially appropriate given the specific references to "parent" in other portions of the Act. *See Skrzypczak v. State Farm Mut. Ins. Co.*, 668 N.E.2d 291, 295 (Ind.Ct. App.1996) (noting the rule of statutory construction that an Act's statutes are read as a whole when attempting to ascertain legislative intent). Thus, we find that the Legislature did not intend for parents to be considered guardians for purposes of I.C. § 22–3–3–30.

### III. Employer Provided PPI Rating

■ As noted above, the parties stipulated to the following issue for review by the Board which was not addressed by either the single hearing member or the Full Board: Is a defendant obligated to complete a PPI rating on an injured employee who has been determined to have permanent injuries? Memorial Hospital initially notes that the Act does not explicitly assign responsibility to any party. Specifically, Memorial Hospital notes that I.C. § 22–3–3–4 [9] requires payment of medical expenses, temporary total

7. While noting the various definitions of "guardian," Memorial Hospital cites *State ex rel. Sharpe v. Banks*, 25 Ind. 495, 500 (1865), for the proposition that a parent is the "natural guardian" of its minor child. *Sharpe* involved a father suing a grandfather, his deceased wife's father, for custody of his minor son. Finding that the father was the "natural guardian" of his child, our supreme court ordered the grandfather to deliver the child to its father.

8. I.C. § 22–3–3–29 provides as follows:

If any injured employee or a dependant is under guardianship at the time when any right or privilege accrues to the employee or dependant under IC 22–3–2, IC 22–3–3, IC 22–3–4, IC 22–3–5, or IC 22–3–6, the employee or dependent's guardian shall claim and exercise the right or privilege of the employee or dependent.

9. I.C. § 22–3–3–4 provides in pertinent part as follows:

(a) After an injury and prior to an adjudication of permanent impairment, the employer shall furnish or cause to be furnished, free of charge to the employee, an attending physician

for the treatment of his injuries, and in addition thereto such surgical, hospital and nursing services and supplies as the attending physician or the worker's compensation board may deem necessary....

(b) During the period of temporary total disability resulting from the injury, the employer shall furnish the physician services, and supplies, and the worker's compensation board may on proper application of either party, require that treatment by the physician and services and supplies be furnished by or on behalf of the employer as the worker's compensation board may deem reasonably necessary.

(c) After an employee's injury has been adjudicated by agreement or award on the basis of permanent partial impairment ... the employer may continue to furnish a physician or surgeon and other medical services and supplies, and the worker's compensation board may ... require that treatment by that physician and other medical services and supplies be furnished by and on behalf of the employer as the worker's compensation board may deem necessary to limit or reduce the amount and extent of the employee's impairment....

....

disability compensation and PPI compensation, but is silent as to who shall provide the PPI rating. Memorial Hospital cites *White v. Spencer Cardinal Corp.,* 106 Ind.App. 338, 344, 19 N.E.2d 866, 868 (1939), for the proposition that the applicant has the burden of establishing each fact necessary to a legal award.[10] Memorial Hospital then reasons that the rating is an element of Szuba's application for benefits and, therefore, must be provided by him.

■ I.C. § 22–3–3–4(a) provides that prior to a PPI adjudication, the employer must provide an injured employee with a doctor and assume all necessary medical expenses. *Calvary Temple Church, Inc. v. Paino,* 555 N.E.2d 190, 193 (Ind.Ct.App.1990). Therefore, the statute anticipates that the employer will provide care through the determination of PPI. Reading the statute liberally as required by the Act, we find that the initial PPI determination is part of an employee's necessary medical treatment. Moreover, we note that Memorial Hospital has confused the burden of providing a PPI rating with the burden of proving that the employee was permanently impaired in a work-related accident. We hold that the burden of producing a PPI rating lies with the employee only where the employee disagrees with the determination provided by the employer's physician.[11]

### CONCLUSION

In light of our resolution of the issues set forth above, we conclude that the Board correctly determined that Szuba had timely filed his application. Specifically, we find that because Szuba was a minor, as defined by the Act, at the time of his injury, he had until the age of twenty to file. We further observe that the Legislature did not intend for parents to be considered guardians for purposes of I.C. § 22–3–3–30. Finally, we hold that Memorial Hospital is required to provide Szuba with an initial PPI determination.

10. In *White,* the Board's denial of compensation was upheld against a sufficiency of the evidence claim. The Board found that the applicant failed to establish that the injury arose out of or in the course of White's employment.

Judgment affirmed.

GARRARD, J., and ROBB, J., concur.

11. However, the expense of a subsequent determination that is obtained by an employee to refute the initial determination shall be reimbursed to the employee if it is ultimately accepted by the Board.