**WERNLE, RISTINE & AYERS, Appellant,**

**v.**

**Janice YUND and the Kroger Company, Appellees.**

**No. 93A02–0012–EX–819.**

Court of Appeals of Indiana.

March 7, 2002.

---

James E. Ayers, Wernle, Ristine & Ayers, Crawfordsville, IN, Attorney for Appellant.

Stephen Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, G. Terrence Coriden, Worker's Compensation Board of Indiana, Indianapolis, IN, Attorneys for Amicus Curiae.

## OPINION ON REHEARING

NAJAM, Judge.

James E. Ayers has filed a petition for rehearing insisting that, contrary to our holding in *Wernle, Ristine & Ayers v. Yund*, 758 N.E.2d 558 (Ind.Ct.App.2001), the Worker's Compensation Board ("the Board") is authorized to approve or disap-

prove a physician's fees for medical treatment but not such fees for expert testimony. Specifically, Ayers asks that we grant rehearing and reverse the Board's decision, which ordered Ayers' former client, Janice Yund, not to pay Dr. Franklin Nash's expert witness fee. We grant Ayers' petition for rehearing to address this issue and reaffirm our opinion.

In affirming the Board's decision with respect to Dr. Nash's fee, we read the relevant sections of the Worker's Compensation Act ("the Act") and concluded that nothing in the Act makes a distinction "between a physician's charge for medical services and that for providing expert testimony." *Id.* at 561. In particular, we noted that neither Indiana Code Section 22-3-3-5 nor 22-3-4-12 provides that a physician's services include only "medical" services, as Ayers contends. In reviewing Ayers' petition for rehearing, we acknowledge that the bold heading in Indiana Code Section 22-3-3-5 includes a reference to "medical treatment" but also note that statutory headings "are not part of the law and ... are not intended to affect the meaning ... of the statute they precede." Ind.Code § 1-1-1-5(f). Moreover, the specific reference to the Board's authority to approve a health care provider's claim for "services" contained in Indiana Code Section 22-3-3-5 does not qualify the term "services." Nowhere does the Act limit "services" to "medical treatment."

Indiana Code Section 22-3-4-12 is even more directly on point. That section provides in relevant part that "the fees of attorneys and physicians and charges of nurses and hospitals for services under IC 22-3-2 through IC 22-3-6 shall be subject to the approval of the [Board]." Here, again, the legislature did not restrict the fees of physicians to fees for medical treatment. The sentence groups physicians' fees with attorneys' fees rather than with

"charges of nurses and hospitals," a sentence structure which further supports our determination that the Act does not differentiate between a physician's fees for medical treatment and expert testimony.[1]

For the foregoing reasons, we reaffirm our opinion.

SHARPNACK, and RILEY, JJ., concur.

---

1. Ayers' contention that Dr. Nash did not provide Yund "medical treatment" is also questionable. In his Appellant's Reply Brief, Ayers described Dr. Nash's meeting with Yund as follows: "Dr. Nash obviously spent a great deal of time with Ms. Yund. They discussed her medical history, her injury, and her current condition. Dr. Nash then performed a range-of-motion examination to get a feel for her level of impairment." We have previously held that an initial PPI determination "is part of an employee's necessary *medical treatment.*" *Memorial Hosp. v. Szuba*, 705 N.E.2d 519, 524 (Ind.Ct.App.1999) (emphasis added). Ayers maintains that he did not hire Dr. Nash to give a PPI rating. But Dr. Nash examined Yund to determine her "level of impairment," an evaluation or diagnosis which could be considered medical treatment. But given our conclusion that the Board's authority extends to fees for a physician's services, whether for medical treatment or expert testimony, we need not decide that issue.